LIBERTY OIL COMPANY, Appellant, v. F. O. GREEN, Appellee.

No. 39354.

JUNE 24, 1929.

REHEARING DENIED SEPTEMBER 30, 1929.

*J. A. Dyer*, for appellant.

*Stipp, Perry, Bannister & Starzinger*, for appellee.

ALBERT, C. J.—Defendant, F. O. Green, was the owner of a certain piece of property known as Lot 9, Alhambra Place, located at the northwest corner of West Fifth Street and Grand Avenue in the city of Des Moines. A lease was entered into between the plaintiff, Liberty Oil Company, and the defendant for the renting of said premises to the plaintiff, the material part of which lease is the granting clause, which provides that it shall run from September 15, 1921, to September 15, 1922, at a rental of $250 per month. It is further provided that:

"The lessee is hereby granted an option to renew the lease on the above described premises for one year after September 15, 1922; and in the event the lessor desires possession of the premises for the purpose of erecting a new building, the lessee agrees to vacate said premises any time after March 15, 1922, upon thirty days' notice in writing and a consideration of $500. However, should this lease continue in force for the full period as above described, lessee shall have the right to continue occupying the premises from year to year, at the same rate, until possession is required by lessor as above provided."

The lease further provided that, if the lessee occupied the premises for the full time up to September 15, 1922, the lessor was not required to pay the $500 above specified.

The plaintiff entered into possession of said premises and occupied the same continuously until September 27, 1924, on which latter date the defendant served a 30 days' notice on the plaintiff to quit and surrender the possession of said property; in pursuance of which notice, and within the time specified, the terms of the notice were complied with, and the plaintiff surrendered to the defendant the possession of said property. Plaintiff now brings this action for damages, contending that the defendant had no right to thus dispossess it of the possession of

said property. The case went to trial, and after plaintiff had rested, a verdict was directed for the defendant.

The appellant insists that, under the evidence introduced in the case, it was entitled to have its case go to the jury, and that the court erred in directing a verdict for the defendant. The question before us for determination, therefore, is whether or not this was error on the part of the court. It is, of course, conceded that the plaintiff occupied the premises from September 15, 1921, to September 15, 1922. It is equally true that the lessee then exercised its option provided for in the lease, and occupied the premises from September 15, 1922, to September 15, 1923; and at this point arises the legal question involved herein. Plaintiff continued to occupy the premises after September 15, 1923, and the disputed question of law is as to the validity of the lease and the character of plaintiff's occupancy after the latter named date.

It is the claim of plaintiff that its occupancy after the latter named date was a lease from year to year, under the provisions of the lease hereinbefore set out. If we assume, without deciding, that the contention of the appellant is true in this respect, we are then confronted with another provision of the lease, reading as follows:

"Should said lessee hold over by permission of the lessor for three days after expiration of this lease, it is agreed by all parties signing the same that it shall constitute a renewal hereof for the same term and upon the same conditions except that lessor at his election may terminate such renewed lease by giving three days' notice to quit."

If we accept the appellant's contention that, after the 15th day of September, 1923, this was a lease from year to year, the question is, what effect the provision of the lease above set out has upon the situation. Under this theory, at the end of one year,—which would occur September 15, 1924,—that year would expire, and under the terms of the lease, the occupancy for three days thereafter would constitute a renewal thereof for another year. But the above quoted provision of the lease provides that, under such circumstances, the lessor has an election to terminate said lease by giving three days' notice to quit.

This, we think, is the controlling factor in the contract in

relation to this matter; and while the appellee did not take advantage of all it was entitled to, and give a three days' notice to quit, he did give the appellant a 30 days' notice to quit, which was 27 days more than it was entitled to demand, under the terms of its lease. It is apparent, therefore, that the defendant was acting wholly within his rights in serving this notice to quit upon the plaintiff, and at the expiration of the time provided in said notice, plaintiff's rights in said property ceased; and so long as the defendant acted within his rights under the terms of the lease, and under the law, he cannot be called upon to respond in damages to the plaintiff.

The district court was, therefore, right in directing a verdict for the defendant.—*Affirmed.*

Evans, Kindig, Wagner, and Grimm, JJ., concur.