JOHN SANDERSON, APPELLEE, V. HENRY HUFFMAN ET AL., APPELLANTS.

271 N. W. 870

FILED MARCH 9, 1937. No. 29859.

*Roland V. Rodman* and *John H. Kuns,* for appellants.

*S. E. Torgeson, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

ELDRED, District Judge.

This action was commenced by John Sanderson, plaintiff, appellee, to recover damages he claimed to have suffered from an alleged assault and battery upon him by Henry Huffman and Nellie Huffman, defendants, appellants. The defendants' answer includes a plea of self-defense. Plaintiff, 67 years of age, a farm hand, had been in the employ of the defendants, who were farmers, for some months prior to the time of the altercation involved herein, at a compensation of $10 a month with board, room and washing. In the Huffman family were appellants, Henry Huffman, aged 71, his wife, Nellie Huffman, evidently some years younger, and a son, Archie, aged 13 years. It seems that this boy had annoyed the plaintiff by frightening cows during the time they were being cared for and milked, and on the evening of the day involved herein, plaintiff quit his employment and asked for his wages. During a heated conversation which followed, plaintiff called defendant

Henry Huffman a "cheapskate;" and other insulting epithets were apparently passed by all parties hereto, finally leading up to the physical altercation in which the plaintiff, both defendants, and the son, Archie, were all involved.

There was a decided conflict in the evidence as to just what occurred in the assault and the responsibility therefor, but it seems that Henry Huffman attempted to use a chair on plaintiff, which plaintiff took from him or held; that the son, Archie, used a stick of wood or kindling, as it was variously termed, and that the defendant Nellie Huffman secured a hammer with which the plaintiff was struck a number of blows on the head, inflicting lacerations of such character that surgical attention was required. On the trial before a jury, verdict was returned in favor of the plaintiff for $500, on which judgment was rendered. Motion for new trial being overruled, defendants have appealed to this court.

The only error assigned or urged by the appellants is that the court erred in giving instructions No. 6 and No. 10 on the issue of self-defense. Instruction No. 6 is in three paragraphs. Paragraphs one and three advised the jury as to when force is justified and not unlawful in repelling an assault, of which no complaint is made, and appear to fairly reflect the law on that subject. Paragraph two of instruction No. 6 reads:

"In connection with the law relating to self-defense as above outlined to you the court instructs you that mere words, however insulting they may be, do not justify the use of force upon the person of another. Any words that you believe the evidence shows the plaintiff used towards the defendants or any of them, would not of themselves justify the application of any force upon the plaintiff by the defendants, but may be considered in determining whether or not any force applied upon the plaintiff was applied in self-defense under rules above set forth or was applied because the defendants were mad rather than in the belief that the use of such force was necessary for the protection of either of them."

Instruction No. 10, so far as it relates to the question here considered, is as follows:

"A pertinent question for you to ask yourselves is that of whether or not any force that you find was applied to the plaintiff was applied in self-defense under rules herein given you, or whether it was applied unlawfully, because the one using it was mad."

It may be conceded that the term "mad" was intended to mean angry. The use of that term by the trial court was doubtless due to the fact that, when the witnesses were being examined, both the counsel examining the witnesses and the witnesses themselves used such colloquial expression when anger was intended. The jury could not have been misled thereby. The criticism of these instructions urged by the appellants is that a person unlawfully assaulted is entitled to the right of self-defense, though he may lose his temper and be angry at the time; that defendants were, by these instructions, deprived of the right of self-defense, if the jury found that the injuries complained of were inflicted while the defendants were angry.

The paragraph of instruction No. 6 above set out, in effect, stated that the jury might consider any words they believed the evidence to show the plaintiff to have used towards defendants, in determining whether any force applied by defendants (a) "was applied in self-defense;" or (b) "was applied because the defendants were mad (angry)." This paragraph of the instruction might not be so misleading if it were not for instruction No. 10, as the clause from instruction No. 6, above referred to, "because the defendants were mad," is followed by the statement, "rather than in the belief that the use of such force was necessary for the protection of either of them." Standing alone, error in that instruction might possibly be disposed of under the rule: Though an instruction may not be so specific as it should be, if it is not misleading, it is not a cause for reversal, where the complaining party made no request for a more specific instruction. But the conclusion naturally to be drawn from this instruction would

be that if the defendants committed the assault, of which complaint is made, while they were angry, then such assault was not justified. This conclusion is emphasized by instruction No. 10, wherein the jury are advised: "A pertinent question for you to ask yourselves is that of whether or not any force that you find was applied to the plaintiff was applied in self-defense under rules herein given you, or whether it was applied unlawfully, because the one using it was mad." By the foregoing the jury were clearly advised, in substance, that any force applied on another person, while the one using it was angry, would be unlawful. This we do not conceive to be the law. The fact that a defendant may lose his temper and become angry at the time of making an assault upon the person of another, which he seeks to justify as having been in self-defense, will not of itself, make an assault unlawful. The rights of the defendants were too narrowly limited by these instructions. *Eisentraut v. Madden*, 97 Neb. 466, 150 N. W. 627.

While it is conceded that the law governing the right of self-defense is properly set forth in other portions of the instructions, it is urged that the instructions above quoted are in conflict therewith. This contention appears well taken. The instructions were confusing. "Instructions which state conflicting propositions of law and tend to confuse the jury are erroneous." *Bryant v. Modern Woodmen of America*, 86 Neb. 372, 125 N. W. 621.

On the part of appellee it is contended that no other verdict could have been properly arrived at by the jury, and that therefore there was no prejudice by reason of any erroneous instruction given. We do not deem it proper in this opinion to discuss the evidence, nor comment on the weight thereof. There is a conflict in the evidence as to who provoked the assault which resulted in the alleged injury for which plaintiff is seeking to recover, as to what occurred at the time of the altercation and the responsibility therefor. Disputed questions of fact being involved, the case was peculiarly one for consideration by a jury. For the reasons stated herein the judgment of the trial court is
REVERSED.