ANDREW HIEF, APPELLEE, V. ROBERTS DAIRY COMPANY, APPELLANT.

296 N. W. 331

FILED JANUARY 31, 1941.   No. 30949.

*Ziegler, Dunn & Becker* and *D. L. Manoli,* for appellant.

*Edward F. Leary* and *Wear, Boland & Nye, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action to recover damages in the sum of $5,500 for alleged negligence resulting in personal injuries and financial losses. On Dodge street near Seventy-fourth street, Omaha, about 11 o'clock p. m., March 2, 1939, there was a collision between an automobile truck owned and driven by Andrew Hief, plaintiff, and a motor truck owned by Roberts Dairy Company, defendant, while operated by Orthwin Gertsch. The two cars were headed east upgrade on the south side of Dodge street, plaintiff in the rear. It is alleged in the petition that defendant's employee, Gertsch, had stopped his employer's truck without displaying any tail or clearance side light thereon and that when plaintiff was in the act of passing the truck in front of him it was backed suddenly and without warning into his own truck, thus breaking his right arm and causing other damages of which he complains.

The answer to the petition contained a general denial and allegations that any injuries sustained by plaintiff as a result of the collision were caused by his own negligence which was more than slight in comparison with any alleged negligence of defendant and that defendant was not guilty of any negligence causing or contributing to plaintiff's injuries.

In a reply to the answer plaintiff denied contributory negligence.

Upon a trial of the cause, the jury rendered a verdict in favor of plaintiff for $3,300. From judgment therefor, defendant appealed.

Among the questions presented on appeal are insufficiency of the evidence to sustain the verdict and assigned errors in the instructions of the court to the jury.

On material issues of fact relating to negligence the evidence is in conflict. The truck drivers testified to different versions of the collision. There was no other witness present at the time. Some of the evidential facts, however, are not in controversy. Dodge street from the west into Omaha is four lanes wide. The two outer lanes are paved with concrete and the two inner lanes with brick. The lines between the different paving materials are distinct. A few feet apart just before the collision, the drivers were both in the south or right lane on their way to Omaha, plaintiff in the rear. There was a violent collision between the trucks. As a result plaintiff suffered a compound comminuted fracture of his right arm and the front right side of his truck was crushed by the impact.

Plaintiff testified in his own behalf and in substance his version of what occurred is in part as follows: While going 25 miles an hour, he saw defendant's truck in front of him at a distance of 70 or 75 feet and there was no clearance or tail lamp in operation on it. When he was within 25 feet of the car in front of him, he observed it was standing still, slackened his speed to 15 miles an hour, started to pass, turned his car to the northeast and, when the front end was in the brick lane, defendant's truck, moving suddenly and rapidly backward without warning, struck the front end of plaintiff's car on the right side.

On the contrary defendant's driver testified in effect that his employer's car was in constant forward motion until it was struck from the rear by plaintiff's truck; that he did not back up after it was hit, but that there may have been a slight rebound of the tires after the brakes were applied; that the left front wheel of plaintiff's car was "about a foot and a half or two feet on the inside of the brick paving."

It was argued by counsel for defendant that the physical facts disproved plaintiff's case and that consequently a nonsuit should have been directed on motion therefor. This position is untenable for the reason that the rule of law thus invoked on behalf of defendant is inapplicable where there is a substantial conflict in the material evidence of the physical facts, as there is in the case at bar and as already indicated herein, the credibility of witnesses and the weight of evidence being questions for the jury. *Hill v. Interstate Transit Lines,* 137 Neb. 110, 288 N. W. 508. On the issue of actionable negligence of defendant's driver in backing his employer's truck without warning into the truck operated by plaintiff, the latter made a case for the jury as shown by the evidence. There was therefore no error in the overruling of the motion for a peremptory instruction in favor of defendant.

Did the trial court err to the prejudice of defendant in the instructions to the jury? Defendant requested and the trial court gave the jury the following instruction:

"You are instructed as a matter of law, that the failure of the defendant to display clearance lights and a tail light on the rear of defendant's truck was not a proximate cause of the accident, and in determining the proximate or contributing cause of the accident you will therefore disregard the testimony of the plaintiff that the defendant failed to display clearance lights and a tail light on the rear of said truck and that the failure to display said lights caused or contributed to the accident."

This instruction was properly given. While rear and clearance lights at night were required by statutory regulations and were not displayed on defendant's truck and while failure to comply with the law in these particulars was evidence of negligence, such negligence was not a proximate cause of the collision or of the resulting injuries. The testimony of plaintiff himself shows that he saw defendant's truck and had a constant view of it in time to avoid the collision, in absence of negligence on the part of defendant. Though the instruction quoted was properly given, it was

immediately followed by another instruction in this form:

"It is the duty of operators of motor vehicles on the highway at such a place as was the scene of the accident known to this case, to keep a careful lookout for other cars, and to drive on the outside lane unless in the act of going by a car ahead that is driving on the outside lane, and, when a car has stopped in the highway, to display a light or to give a signal indicating such stopping, and to use reasonable and due care to keep the car in its place and not to allow it to back onto an inside lane, as far as due and reasonable care will permit. It is the duty of cars that are on the inside lane, for the purpose of going around the car on the outside lane, to be under such control by the operator that reasonably expected movements of the front car may be readily seen and controlled against."

This instruction emphasizes the duty of a motorist, when stopping on a highway, to display a light or to give a stop signal notwithstanding the former instruction to disregard testimony that there was a failure to display clearance lights and a tail light, and notwithstanding testimony of plaintiff that he observed defendant's truck was standing still while approaching it at a speed of 25 miles an hour, when the distance between the trucks was 25 feet. In view of the conflicting testimony, the two instructions as given were well calculated to confuse or mislead the jury on the vital issue in the case. Without determining on appeal the controverted issue of fact, and thus invading the province of the jury, the obvious error in the instruction last quoted cannot be held harmless. It is well-settled law that, "Instructions which state conflicting propositions of law and tend to confuse the jury are erroneous." *Bryant v. Modern Woodmen of America,* 86 Neb. 372, 125 N. W. 621; *Sanderson v. Huffman,* 132 Neb. 321, 271 N. W. 870. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.