ALGERNON L. ANDERSON, APPELLEE, V. FORREST BYRD, DOING BUSINESS AS BYRD NURSERY COMPANY, ET AL., APPELLANTS.

275 N. W. 825

FILED NOVEMBER 5, 1937. No. 29961.

De Lamatre & De Lamatre and Dora Nelson, for appellants.

A. W. Storms and Frank A. Anderson, contra.

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and CHAPPELL, District Judge.

CARTER, J.

Plaintiff commenced this action against the defendants to recover damages resulting from an automobile collision. The verdict of the jury in the district court was for plaintiff in the sum of $7,450. The trial court overruled defendants' motion for a new trial and entered a judgment on the verdict. Defendants thereupon appealed to this court.

The facts in this case are fully stated in a former opinion of this court. *Anderson v. Byrd,* 132 Neb. 588, 272 N. W. 572. The evidence amply supports the contention of plaintiff that his car was on the right side of the center line of the highway and that defendants' truck was partly on the left side of the center line when the collision occurred. The jury resolved the evidence as to the location of the cars in favor of the plaintiff, and there being sufficient evidence to support it, the jury's findings will not be disturbed.

The defendants pleaded in their amended answer that "said accident was proximately caused by a dense and impenetrable cloud of smoke and dampness which immediately preceding said accident settled over the road and over both motor vehicles involved in said accident." The evidence disclosed that on the day of the accident the plaintiff and three other persons were driving on highway No. 6 east of Holdrege to the scene of a railroad wreck a short distance east of that city. It appears from the record that there was a drizzle of rain falling and while the pavement was wet, it was not slippery. As they approached the location of the wreck, smoke from one or both of the locomotives settled down over the highway. The evidence is quite conflicting as to its density. The collision occurred while both cars were passing through this smoke. In our former opinion the case was reversed because of the failure of the trial court on its own motion to instruct the jury upon defendants' theory that the smoke was the proximate cause of the collision. After a reargument of the case, we now conclude that the former opinion is erroneous in this respect and that the trial court properly instructed the jury on this point.

Proximate cause, as used in the law of negligence, is that cause which in a natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred.

An efficient intervening cause is a new and independent force which breaks the causal connection between the original wrong and the injury. The cause of an injury is that which actually produces it, while the occasion is that which provides an opportunity for the causal agencies to act.

An alleged cause of an accident may sometimes be merely a condition and not the real cause. The activities of inanimate things are usually mere conditions and not causes. *Atlantic Coast Line R. Co. v. Daniels,* 8 Ga. App. 775, 70 S. E. 203. A cloud of dust raised by another passing car and alleged to have caused a collision has been held to be a condition and not a cause. *Mitsuda v. Isbell,* 71 Cal. App. 221, 234 Pac. 928. Likewise, it has been held that, where smoke from railroad engines settled over the scene of a collision prior to and at the time of the accident, the smoke was a condition and not a cause. *Illinois Central R. Co. v. Oswald,* 338 Ill. 270, 170 N. E. 247. In *Claar Transfer Co. v. Omaha & C. B. Street R. Co.,* 191 Ia. 124, 181 N. W. 755, smoke enveloping the scene of a collision was treated as a condition and not a cause. In *Powers v. Standard Oil Co.,* 98 N. J. Law, 730, 119 Atl. 273, in holding that the unlawful parking of an automobile on a public street was a condition and not a cause, the court said: "In either event its impotence for harm or damage, as an innocuous immobile instrumentality, must be manifest, since in both situations it simply presented a patent condition, and not an operating efficient or proximate cause, which can be said to contain by its activity, that potentiality for harm or damage, which furnishes the test upon which the rule of liability in this character of tort feasance is predicated."

In *Steenbock v. Omaha Country Club,* 110 Neb. 794, 195 N. W. 117, in holding that a flagpole lying across a driveway on the grounds of the club, into which a car was driven, was not a proximate cause of the accident, the court said: "It is not sufficient that the negligence charged does nothing more than furnish a condition by which the

injury is made possible, and if such condition causes an injury by the subsequent independent act of a third person, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury." See, also, *Kudrna v. Sarpy County,* 125 Neb. 83, 249 N. W. 87.

We necessarily conclude that the smoke in the case at bar was a condition and not a proximate cause of the accident. The proximate cause of the collision was the driving of the truck on the wrong side of the road. The position of the truck as it was driven over the highway was a direct cause which continued unbroken by any other efficient intervening cause up to and including the very instant that the accident occurred, and without which cause there would have been no collision between the two motor vehicles. The trial court therefore properly instructed the jury that the smoke was a condition to be considered by them in connection with all the other evidence in determining the question of negligence of the parties or either of them.

Appellants complain of certain instructions given by the trial court and of its refusal to give others requested by appellants. We have examined the instructions given by the trial court and have concluded that they are in all respects correct and fully and fairly inform the jury of the law applicable to the case. The requested instructions were properly refused as incorrect statements of the law or as stating propositions covered by the instructions given by the court.

Appellants contend that the judgment is excessive. There is evidence in the record to sustain a finding that plaintiff's injury caused him extreme pain and suffering, and nervous and mental shock. The testimony further shows that he has suffered a permanent partial loss of hearing of the left ear, that he suffered a concussion of the brain and a possible permanent brain injury, that he suffered injuries to his back and a possible permanent impairment of his general physical condition. Property damage to plaintiff's car in the amount of $610, and medical atten-

tion and expense in the sum of $350 are not disputed in the evidence. After a consideration of all the evidence, we conclude that it is sufficient to sustain a judgment for $7,450.

Our conclusion is that the former opinion, in so far as it conflicts with this opinion, should be withdrawn and a judgment of affirmance entered.

AFFIRMED.