ABBIE M. CHEW, APPELLEE, V. ADELBERT LYNN COFFIN, ALSO KNOWN AS ALBERT LYNN COFFIN, ET AL., APPELLANTS.

12 N. W. 2d 839

FILED JANUARY 25, 1944. No. 31668.

*Lyda & McGriff*, for appellants.

*William H. Heiss, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, CHAPPELL and WENKE, JJ., and POLK and NUSS, District Judges.

WENKE, J.

This action was commenced in the district court for Scotts

Bluff county by Abbie M. Chew, as plaintiff, to recover for damages sustained which she claims were caused by the automobile of defendant Adelbert Lynn Coffin while being negligently operated by the defendant Ruth Eloise Coffin, wife of defendant Adelbert Lynn Coffin. From a verdict for the plaintiff and judgment rendered thereon, defendants have appealed.

Plaintiff, Abbie M. Chew, will be referred to as appellee, Adelbert Lynn Coffin and Ruth Eloise Coffin as appellants and, when referred to individually, Ruth Eloise Coffin will be referred to as Mrs. Coffin.

It is the appellants' first contention that the appellee was guilty of negligence which contributed to the injury and that as a matter of law she is precluded from recovering under the comparative negligence statute.

The rule is correctly stated in *Wentink v. Traphagen*, 138 Neb. 41, 291 N. W. 884, quoting from *Morrison v. Scotts Bluff County*, 104 Neb. 254, 177 N. W. 158, as follows: "If plaintiff is guilty of negligence directly contributing to the injury, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith. If, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, then the contributory negligence of plaintiff, however slight, will defeat a recovery."

Whether the question is one of fact for the jury or one of law for the court, this court has often announced the rule to be as stated in *Hickey v. Omaha & C. B. Street Ry. Co.*, 140 Neb. 665, 1 N. W. 2d 304: " 'Where different minds may draw different inferences or conclusions from the facts proved, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury to determine; but, where the evidence is undisputed, and but one reasonable inference can be drawn from the facts, the question is one

of law for the court.' *Craig v. Chicago, St. P., M. & O. R. Co.*, 97 Neb. 426, 150 N. W. 374. See 64 C. J. 338." And in *Whittaker v. Hanifin*, 138 Neb. 18, 291 N. W. 723: "This court has held many times that, where different minds may draw different conclusions from the evidence in regard to negligence, the question should be submitted to the jury, but where the evidence shows beyond reasonable dispute that the plaintiff's negligence is more than slight as compared with the defendant's negligence, then it is proper for the trial court to instruct the jury to return a verdict for the defendant. *Sindelar v. Hord Grain Co.*, 116 Neb. 776, 219 N. W. 145."

The facts, which are in little dispute, are as follows: Appellee is an elderly lady 66 years of age and a nurse by profession. On the afternoon of December 3, 1941, while trying to sell dresses by house to house solicitation, she called on the home of appellants in Gering, Nebraska, at 1325 Sixteenth street at about 2:00 p. m. Appellants had been living at this address for approximately a year and a half. The house, in which they lived, faces east being on the west side of Sixteenth street. N street runs east and west on the north side of the block and M street on the south side. The residence is located south of the alley which runs east and west through the block. There is a cement sidewalk in front of this house for a distance of some 40 feet, being the width of the lot, but does not extend further toward either N or M streets. The garage is located just southwest of the house facing east, the front being a few feet west of the west side of the residence. Two cement slabs are used as a driveway and connect the garage with the south end of the sidewalk and extends slightly beyond. These cement slabs run close to the south side of the house. Sixteenth street is graveled and the driveway apron from the end of the cement slabs is likewise graveled. The sidewalk is some 20 feet from the house and is connected by another walk to the porch which is on the east side of the house and in the center thereof.

On the day in question appellee knocked at the front door of appellants' home but no one answered as Mrs. Coffin had

apparently gone out of the house by the back door at about the same moment. She was going to the garage to get the car, a two-door Ford sedan, which the appellants owned and used for family purposes. No one answered so appellee left the porch and proceeded down the steps and followed the sidewalk out to the street walk and proceeded south thereon. Just after appellee left the porch she took an address book from her purse and was looking into it for an address. She did not again look up until she was hit by appellants' car at the place where the driveway crosses the sidewalk. She neither heard nor saw the car until she was hit.

Mrs. Coffin, after she left the house and before she went into the garage to get the car, looked east along the south side of the house and did not see any one or anything on the driveway or street. She then got in the car and slowly backed out, looking out of the left side of the car to see that it stayed on the cement slabs. She continued thus until the car reached the east edge of the house when she turned and looked to her right or north and east to see if there was any traffic on the north side. As she turned to look to her right she could see the street but very little of the sidewalk and none of that part of the sidewalk just north of where it is crossed by the driveway. Seeing nothing, she turned back to look to her left for traffic and to see that her car stayed in alignment with the driveway but did not again look to her right or north nor did she at any time sound her horn. She continued to back very slowly at what she estimated at about two or three miles an hour. The first she knew, with reference to the accident, was a slight impact as if she had hit a paper box and she immediately stopped. The rear wheels of the car stopped just east of the sidewalk, it being approximately in the center between the front and rear wheels. Appellee, after the accident, was lying just back of the car in a slightly diagonal position at a northwest and southeast angle, her feet to the south and her head to the north. Immediately after the accident appellee told Mrs. Coffin and others that it was her own fault, that she was not

looking but was looking for an address in the book, and that she did not see or hear the car. She testifies that she made these statements because she felt sorry for Mrs. Coffin. As a result of the accident appellee sustained the injuries for which she here seeks recovery.

In *Taulborg v. Andresen*, 119 Neb. 273, 228 N. W. 528, we stated: "The law does not forbid the backing of an automobile upon the streets or highways, and to do so does not constitute negligence, but the driver of an automobile must exercise ordinary care in backing his machine, so as not to injure others by the operation, and this duty requires that he adopt sufficient means to ascertain whether others are in the vicinity who may be injured. It is his positive duty to look backward for approaching vehicles and to give them timely warning of his intention to back, when a reasonable necessity for it exists; and he must not only look backward when he commences his operation, but he must continue to look backward in order that he may not collide with or injure those lawfully using such street or highway." And as stated in *Vandervert v. Robey*, 118 Neb. 395, 225 N. W. 36: " 'Backing out from private property onto a public highway is an operation demanding a high degree of skill and caution to avoid danger or injury to any person on the highway or collision with any vehicle thereon, and one engaged in such operation must use greater care than would be required of one driving along the highway.' 42 C. J. 1022, sec. 759."

"A pedestrian on the sidewalk crossing a private driveway is not a trespasser, but has the right of way over a motor vehicle emerging from private property, and is bound to exercise only reasonable and ordinary care to avoid injury. He is not required, as a matter of law, to be on the lookout for such automobiles, and the fact that he fails to see such vehicle approaching does not as a matter of law render him guilty of negligence." 42 C. J. 1158, sec. 932. See, also, *Ottaway v. Gutman*, 207 Mich. 393, 174 N. W. 127; *Crawley v. Jermain*, 218 Ill. App. 51.

Therefore, under the facts of this case, the question of

the negligence of Mrs. Coffin while driving the car and the contributory negligence of the appellee is one of fact to be determined by the jury and likewise the degree or quality thereof and not one of law. The question was properly submitted to the jury under the comparative negligence statute.

Appellants further contend that the court erred in giving instruction No. 10 which is as follows: "A motorist is required by law in the State of Nebraska to have his car equipped with a horn or other suitable warning device. The statute contemplates the use of these warning devices to warn pedestrians or other travelers who may be in the path of an approaching car. A person entering a public highway or crossing a public highway where his view is obscured should not only slow down but should give a timely signal with his horn or other signaling device. If the jury find from the evidence that the person in charge of defendants' automobile was backing the same with her vision obscured as to that part of the public sidewalk where plaintiff was walking, and failed to give a timely signal with her horn or other signaling device, and in consequence thereof ran into and injured plaintiff, then the fact that said defendant did not see plaintiff does not excuse her, and said defendant was guilty of negligence." Our statute, section 39-1170, Comp. St. Supp. 1941, provides in part as follows: "Every motor vehicle when operated upon a highway shall be equipped with a horn in good working order * * * ." In construing a similar statute in *Christoffersen v. Weir*, 110 Neb. 390, 193 N. W. 922, we stated: "The statute is not meaningless. It was enacted for a purpose. Of course, it contemplates the installation of warning devices to be used to caution pedestrians and other travelers on the highway who may be in the path of an approaching car. Otherwise the provisions would be a mockery." In *Taulborg v. Andresen, supra*, we have held the duty of drivers of automobiles in backing onto streets or highways to be: "The operator of a motor vehicle in backing the same onto a street or highway must look backward, not only before he begins his operation, but also while he is in the act of backing, and must

give a signal of his intention to back when a reasonable necessity for it exists, in order that he may not collide with or injure those lawfully using such street or highway." As stated in 42 C. J. 1022, sec. 760: "Pedestrians have the right of way on a sidewalk, and it is incumbent on one who is driving an automobile across a sidewalk to notify persons who are properly using the sidewalk of his approach and to take particular care to avoid endangering or injuring them." And as stated in 42 C. J. 936, sec. 649: "It is also the duty of the operator to give a signal of his intention to back when any reasonable necessity therefor exists. These precautions must be observed not only when backing along a highway but also when backing out into a highway."

"While it is not generally proper to group together certain facts and state to the jury that if they are found to exist they constitute negligence, still it is not reversible error to do so provided the facts so stated are such as to induce an inference of negligence in all reasonable minds." *Omaha & Council Bluffs Railway & Bridge Co. v. Levinston,* 49 Neb. 17, 67 N. W. 887.

Under the facts as disclosed by the record and these principles of law we do not find any error in this instruction nor is it in conflict with instruction No. 12.

The appellants further contend that the court erred in excluding their testimony offered to show the condition of the lot north of the alley and that it was not used as a walk. While it would have been proper to have received this evidence since other evidence was received to show the condition of the surrounding neighborhood both by exhibits and oral testimony, however, it did not directly affect the issues involved and was not in any way prejudicial to the parties' rights.

From an examination of the record as a whole we think the case was fairly tried and submitted and is therefore affirmed.

AFFIRMED.