CELIA PORTER DOLEMAN ET AL., APPELLANTS, V. DON BURANDT, APPELLEE.

71 N. W. 2d 521

Filed July 8, 1955. No. 33755.

746

*Albert Detmer* and *Hubka & Hubka,* for appellants.

*Sackett, Brewster & Sackett,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

FLORY, District Judge.
This is an action brought by plaintiffs and appellants against the defendant and appellee. The action is for damages to the plaintiffs' automobile alleged to have been caused by defendant's automobile colliding with the automobile of the plaintiffs which was standing in the highway. The jury returned a verdict for the defendant

and judgment was entered thereon. Plaintiffs filed motion for a new trial, and from the overruling thereof plaintiffs appeal.

. The accident occurred on or about the 25th day of November, 1952, between 3 and 3:30 p. m., on U. S. Highway No. 77 near Cortland, Nebraska, where the highway runs east and west. Plaintiffs' car was standing still in the highway facing northwest and defendant's car approached from the east running into the rear of plaintiffs' automobile.

William C. Doleman, who will hereafter be referred to as the plaintiff, had been driving west on said highway following a Plymouth car in a severe snowstorm on icy roads. Plaintiff had chains on his car. The Plymouth ran into a car stalled in the road and plaintiff collided with the Plymouth. Plaintiff and another young man riding with him got out of their car to examine the damage, finding minor damage to the front end of the car. Plaintiff's car was then standing with the front end near the right-hand edge of the road and the rear end approximately in the middle of the road. As they were standing there, a Ford came down the road from the east and rolled into the ditch but did not strike any of the other cars. Then a few minutes later plaintiff saw the lights of the defendant's car coming through the snow 75 or 80 feet away at a speed which he estimated at around 45 miles an hour. Defendant's car struck the rear end of the plaintiff's car allegedly causing severe damage thereto.

The situation surrounding the accident is quite clearly described in the testimony of the defendant who states that as he was approaching the scene of the accident it was "Snowing and blowing, you could hardly see"; that the surface of the highway was "Icy"; that he was driving his 1952 Dodge 15 to 20 miles an hour; that he could see ahead "I would say 25 or 30 feet"; and that he had his lights on. When asked what occurred he stated: "I seen four cars across the road. There was no way to get

around. I slapped on the brakes and slid into them." Also, when asked how far he was from these cars when he first saw them his answer was "Not over two car lengths. * * * I would say 30 feet." The question was then asked: "What was the effect of the application of the brakes? A. Didn't seem to be any." Defendant then testified that he collided with the car in front, and was asked: "Was it moving or was it standing? A. It was standing."

In view of the conclusion hereinafter reached that instructions Nos. 9, 10, and 12 are prejudicially erroneous, it is not considered necessary to set forth at any further length the evidence describing the various positions of the cars subsequent to this collision and later collisions, and the various elements of damage resulting from these collisions.

The evidence establishes conclusively that plaintiff's car was standing still in the highway at the time defendant's car collided with it. In view of this evidence, we discuss these three instructions.

Instruction No. 9 reads as follows: "You are instructed that the law requires the driver of a motor vehicle to keep a reasonably careful lookout, to operate it at such a speed and have it under such control that he can by the exercise of due care avoid collision with other vehicles, assuming that the drivers thereof will exercise due care.

"If you find from the evidence that the foregoing requirements of the law were *violated by the plaintiff, William C. Doleman,* or by the defendant or by the drivers of any of the other motor vehicles involved in the accident in question, you are instructed that such violation was not in and of itself negligence but a circumstance which you may take into consideration in determining whether or not any of said persons was guilty of negligence." (Emphasis supplied.)

Instruction No. 10 gives the statute on speed of a motor vehicle—reasonable and proper under conditions then existing—60 miles an hour—and decreased speed

when special hazards exist, and then states: "If you find from the evidence that the foregoing requirements of the law *were violated by the plaintiff, William C. Doleman,* or by the defendant or by the drivers of any of the other motor vehicles involved in the accident in question * * *." (Emphasis supplied.)

Instruction No. 12 is the customary instruction that a driver of an automobile must keep such a lookout that he can see what is plainly visible before him and drive so that when he sees an object in his path he can stop in time to avoid it, and that the existence of blowing snow which affects visibility makes it his duty to stop until visibility is restored or to reduce his speed and have his car under such control that he can stop immediately if necessary. This instruction then states: "It is for you to determine from all the facts and circumstances in evidence as you find them to have been at the time of the accident whether or not the *plaintiff, William C. Doleman,* the defendant or the drivers of any of the other vehicles involved in the accident in question violated the duty imposed by this rule of law." (Emphasis supplied.)

By instruction No. 9, the jury was instructed that it was the duty of plaintiff, William C. Doleman, to keep a reasonably careful lookout and to operate his vehicle at such a speed and keep it under such control that he could by the exercise of due care avoid a collision with other vehicles.

Instruction No. 10 instructed the jury that if the speed law quoted was violated by the plaintiff, William C. Doleman, it would be evidence of negligence.

Instruction No. 12 instructed the jury that it was the duty of William C. Doleman, the plaintiff, to keep such a lookout that he could see what was plainly visible before him, and to so drive his automobile that when he saw an object in his path he could stop his automobile in time to avoid it.

The undisputed evidence is that the plaintiff's automobile, at the time of the collision involved in this case,

was standing still on the highway. He was not driving his automobile. The plaintiff, having been out of his automobile for several minutes and standing beside it at the time defendant's car collided with plaintiff's car, was under no obligation to keep a reasonably careful lookout, have his automobile under such control that he could avoid a collision, drive it at a reasonable speed, or drive so that he could stop when he saw an object in his path, all of which he was required to do under these instructions Nos. 9, 10, and 12.

In this particular case these instructions were especially prejudicial because of the fact that a few minutes prior to the collision involved in this case the plaintiff's car had collided with a Plymouth car traveling in front of him. These instructions might very well have caused the jury in its deliberations to consider whether or not plaintiff had violated some one or all of the rules stated therein at the time of the collision with the car in front of him.

That previous collision was not, insofar as the question of liability here is concerned, a proximate cause of the collision involved in this action. It could only be considered in connection with the amount of damages to plaintiff's car resulting from the collision.

From the undisputed evidence, the only negligence upon which the question of contributory negligence could be submitted to the jury would be whether or not the plaintiff was negligent in leaving his car on the highway, or whether he had time and opportunity to remove it or give warning to approaching cars. Had the defendant been following the plaintiff while plaintiff's car was moving, and plaintiff's car suddenly been stopped because of its collision with the car ahead of it, then these questions might have been involved. The defendant's evidence, however, precludes this situation when he testifies that plaintiff's car was standing still when he first saw it.

The situation involved in this case was not materially

different because of the fact that plaintiff's car had had a slight collision with the car ahead of it several minutes before defendant came upon the scene, than it would have been had the plaintiff-driver stopped his car immediately behind the Plymouth without touching it. The situation was that when defendant came upon the scene, as defendant himself testified: "There was three cars, one ahead of the one we hit and two on the north side of the road, one just north of the one we hit and another one just ahead of it." There is a conflict in the testimony as to whether the plaintiff's car was in the north or south lane of the highway, but in view of defendant's testimony, the highway ahead of plaintiff's car was blocked by other cars and consequently it would be immaterial whether plaintiff had a slight collision with the car he was following or whether he had stopped before hitting it.

This court has often pointed out that it is error to submit issues upon which there is no evidence to sustain an affirmative finding. It is the duty of the trial court to determine the issues upon which there is competent evidence and submit them, and them only, to the jury. The submission of issues upon which the evidence is insufficient to sustain an affirmative finding is generally very prejudicial and invariably results in a second trial. See, Johnson v. Anoka-Butte Lumber Co., 141 Neb. 851, 5 N. W. 2d 114; Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501.

Where there is no evidence on which to base an instruction given, although correct as a legal proposition, it is ground for reversal if it has a tendency to mislead the jury. Heiden v. Loup River Public Power Dist., 139 Neb. 754, 298 N. W. 736.

As the giving of the foregoing instructions requires a reversal and retrial of the case, other assignments of error will be considered.

Plaintiff complains of that part of instruction No. 1 covering the allegations of the defendant's answer in

which the jury was instructed that the defendant alleged "that said accident resulted solely and proximately by reason of the careless and negligent manner in which the plaintiff William C. Doleman operated his automobile at the time and place involved and the careless and negligent manner in which one Hays operated his automobile at said time and place and the negligence of other persons unknown to the defendant." In view of our previous discussion of instructions Nos. 9, 10, and 12, this issue should not have been submitted to the jury. The same reasoning would apply to the statement concerning the negligence of Hays later in instruction No. 1.

Plaintiff next objects to instruction No. 5, which instructs the jury that the allegation of contributory negligence is affirmative and must be established by the defendant by a preponderance of the evidence, and then in stating the essential elements in such affirmative defense, the court said "that said plaintiff William C. Doleman was guilty of negligence" without adding the concluding phrase "in one or more of the particulars as set out in defendant's answer" as was done in (1) of instruction No. 4 defining the burden of proof placed upon the plaintiffs. We think this objection to instruction No. 5 is good in this respect and will be corrected on retrial. Here again the jury was permitted to consider general acts of negligence of which it might have believed the plaintiff guilty in connection with his previous collision with the Plymouth car ahead of him.

Plaintiff objects to instruction No. 3 which states that if the jury finds that the plaintiff, William C. Doleman, was guilty of negligence that said negligence would be imputed to plaintiff Celia Porter Doleman, co-owner of the automobile. We believe this instruction states a correct rule in this particular case in which the co-owners are plaintiffs in an action to recover damages to their automobile. When the automobile is owned jointly and one of the two co-owners entrusts its use to the other, he must accept the risk of damage to his own property

caused by the negligence or contributory negligence of his co-owner. Otherwise, we might have the anomalous situation of one co-owner recovering for damages to the jointly owned property even in a case where there was concededly contributory negligence in sufficient degree to bar recovery by the co-owner who was driving.

We adopt this rule only in the above situation where the action is brought by the co-owners as plaintiffs against a third party. It would not necessarily apply in all cases, especially where the co-owners are parties defendant and one owner operating the car. In such a case the question of imputable negligence would still require proof of the relationship of principal and agent, joint enterprise, or some community of interest. Snyder v. Russell, 140 Neb. 616, 1 N. W. 2d 125; Hansen v. Lawrence, 149 Neb. 26, 30 N. W. 2d 63.

Under the present record and in view of our holding that the question of contributory negligence of the plaintiff is confined to the issue of his automobile being parked on the highway, on retrial the only question will be whether the evidence then presented is sufficient to submit the question of contributory negligence of the plaintiff to the jury. It cannot be disputed that the highway was blocked by three other cars, and the only question would be whether the plaintiff should have removed his car from the highway, or given warning, in the exercise of reasonable care, in the few minutes intervening between the time he stopped and the occurrence of the collision.

The defendant, by his own testimony, is guilty of negligence as a matter of law. In Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106, it was held: "* * * a driver of an automobile is legally obligated to keep such a lookout that he can see what is plainly visible before him and that he cannot relieve himself of that duty. And, in conjunction therewith, he must so drive his automobile that when he sees the object he can stop his automobile in time to avoid it." In Remmenga v. Selk,

150 Neb. 401, 34 N. W. 2d 757, this court held: "As to the second cause of action the court should have instructed the jury that the defendant was guilty of negligence as a matter of law but that the plaintiff's right to recover thereon was subject to the defense of contributory negligence, * * *. Of course, * * * the quantum of recovery would be a question of fact for the jury." The above is controlling here.

Because of the prejudicial instructions hereinbefore discussed, motion for new trial should have been granted, and the judgment is reversed and the cause is remanded for new trial.

REVERSED AND REMANDED.