GLORIA ANN BRAMHALL, APPELLEE, v. ORIE CASH ADCOCK
ET AL., APPELLANTS.
75 N. W. 2d 696

Filed March 16, 1956.   No. 33860.

*Fraser, Connolly, Crofoot & Wenstrand,* for appellants.

*Burbridge & Burbridge* and *Herbert T. White,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The subject of this litigation is a claim for damages made by appellee against appellants because of injuries she sustained by the collision of an automobile in which she was a passenger and motor vehicles owned and negligently operated by appellants.

The substance of the cause of action alleged by appellee is as follows: She was traveling as a guest of Carleton P. Barney, Jr., hereafter identified as Barney, in an automobile owned and operated by him at about 11:40 a. m., January 4, 1953, towards the west on U. S. Highway No. 6 near One Hundred Eighth and Dodge Streets in Douglas County. Appellant Adcock, called Adcock herein, was then traveling on the highway near that location towards the east in an automobile owned and operated by him. He drove his car north across the highway into the north lane thereof nearest the center of the highway intended for westbound traffic, in front of and into the automobile in which appellee was being transported, and caused a head-on collision of the cars. Appellant Swank, spoken of herein as Swank, was operating his automobile towards the west near the location described on the inner or south lane of the highway

intended for westbound traffic and it collided with the rear of the automobile in which appellee was a passenger at about the identical time the car of Adcock collided with the front of it. The car occupied by appellee was substantially destroyed and she was seriously injured as a result of the collisions which were caused, as she alleged, by the concurrent negligence of appellants. Adcock was charged with operating his car on the wrong side of the highway without keeping a proper lookout, driving it into the car in which appellee was a passenger, and failing to use reasonable care as the operator of a motor vehicle by the exercise of which he could have avoided causing injury to appellee.

Appellee asserted that Swank was negligent in failing to keep a proper lookout for the car in which appellee was traveling and which was directly in front of the Swank car in the inner lane of the north half of the highway, in failing to have his car under control, in operating it at an improper distance behind the car of Barney so that Swank could not stop his car within the distance between the cars, and in failing to stop his car before it collided with the Barney car.

The claims of appellee as to the manner and cause of the accident were denied by appellants. Appellants pleaded that the proximate cause of the accident involved in this case was the negligence of Johnson and Barney.

Adcock admitted that he was driving east on the highway at about the time and place of the accident involving his car and the car of Barney. The version of the happening as pleaded by Adcock is that Chester Johnson, hereafter referred to as Johnson, was going west in his automobile in the inner lane of the highway for westbound traffic a short distance ahead of the Barney car. The highway was in that location downgrade as it extended west. The Johnson car encountered ice on the surface of the highway. This caused it to skid and go out of control of the driver. As a result thereof it trav-

eled from the north half of the highway to and upon the south half thereof and its left rear side and end collided with the left front of the eastbound Adcock car. The steering apparatus of the Adcock car was disabled and the collision caused it to travel to the northeast onto the north part of the highway and it collided with the Barney car. Adcock asserted that he was traveling on the extreme right or the proper side of the highway when his car was struck by the Johnson car and that the accident was unavoidable on his part.

Swank pleaded that he was driving his car towards the west, near the place described by appellee, on the north part of the highway a considerable distance to the rear of the Barney car as it moved towards the west. Swank reached the crest of the hill and encountered the automobiles of Adcock and Johnson which had been involved in an accident on the slippery part of the road and the semi-trailer truck which had partly jackknifed and the rear of the trailer was moving towards the south. Swank applied the brakes on his car, attempted to stop, but was unable, without negligence on his part, to fully stop his car before it collided with the rear of the Barney car. Swank asserted that the accident was unavoidable on his part.

The trial of the case resulted in a verdict for appellants and a judgment dismissing the case. A motion for new trial was sustained and the judgment of dismissal was vacated. This appeal is from the order of the trial court granting a new trial of the case.

The case of Barney v. Adcock, *ante* p. 179, 75 N. W. 2d 683, concerned the identical accident that is the basis of the present case. The plaintiff in the former case was the owner and operator of the automobile in which appellee in this case was a passenger. The evidence in the former case is outlined in the opinion. The proof in each case is in all material respects identical except the part referring to the injuries and losses claimed by the respective plaintiffs. Reference to the

evidence will be made to the extent required in the discussion of matters necessary to a decision in this case. The problem presented by the appeal is whether or not there was a legal reason for awarding appellee a new trial of the case.

The trial court gave no reason for its action in sustaining the motion of appellee and granting her another trial of the case. The duty on this appeal is on the appellee to designate the error she contends exists in the record that justifies the action of the trial court. If there is a legal reason therefor it must exist in the record. Such a record will be scrutinized as closely and critically as an order denying a new trial. Pongruber v. Patrick, 157 Neb. 799, 61 N. W. 2d 578; Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497.

Appellee argues in support of the order of the trial court awarding her new trial of the case that there was prejudicial error at the trial because of the statement in instruction No. 2 that: "This defendant (Adcock) claims that the negligence of Mr. Barney consisted of his driving his automobile in such a manner that he could not stop or slow his automobile or steer the same to his right and avoid an accident; and * * * this defendant asks that the plaintiff's petition be dismissed" and because of the statement in instruction No. 3 that: "This defendant (Swank) further says that the contributing cause to the accident was negligence on the part of plaintiff's driver, Carleton P. Barney, Jr., in driving his car in such a manner that he was unable to slow or stop his automobile or steer same in such a manner as to avoid an accident; and this defendant asks that the plaintiff's petition be dismissed."

It is not claimed that these were not a correct interpretation of allegations of the answers of appellants but total absence of evidence tending to prove any of the matters contained in the quoted statements is the essence of the objection of the appellee. There is no proof in the record tending to show that Barney improperly

or negligently operated his automobile; that he could not slow it, stop it, or steer it to his right or in any manner he desired; that he had opportunity or time to attempt to escape the collision after he was aware or was charged with notice of the impending accident; or that he could have in any manner avoided the collision of the Adcock car and the Swank car with the Barney automobile. The quoted statements are without support in the evidence. It has been many times decided and recently repeated that it is prejudicial error for the trial court to set forth in an instruction to the jury matters of fact stated in a pleading which are without ·evidence tending to establish them. In Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439, this court said: "It is reversible error for the court to include, in its instructions to the jury, allegations of fact found in the pleadings but which have not been supported by any evidence." See, also, State v. County of Cheyenne, 157 Neb. 533, 60 N. W. 2d 593; Fuss v. Williamson, 159 Neb. 525, 68 N. W. 2d 139; Fick v. Herman, 159 Neb. 758, 68 N. W. 2d 622; Welstead v. Ryan Construction Co., 160 Neb. 87, 69 N. W. 2d 308; Doleman v. Burandt, 160 Neb. 745, 71 N. W. 2d 521.

The error in this respect was aggravated by instruction No. 9 which stated that appellee was a guest in the Barney car at the time of the accident and "If you find that a proximate cause of the accident was due to negligence on the part of her own driver (Barney), either or (in) whole or in part, any such negligence of the driver is not imputed to her * * *." There is no evidence that Barney was negligent. The possibility suggested by instruction No. 9 that the jury might find that the negligence of Barney was a proximate cause of the accident was not only confusing but may have caused the jury to accept as proof of negligence on the part of Barney the matters quoted from instructions Nos. 2 and 3. There was no other matter presented to the jury concerning negligent conduct of Barney. The statements

quoted from instructions Nos. 2 and 3 were in conflict with the part of instruction No. 9 that advised the jury any negligence of the driver Barney would not be imputed to appellee. The court by instructions Nos. 2 and 3 permitted the jury to consider negligence of Barney in the manner of driving his car and in failing to stop or move to the right in an attempt to avoid an accident. By instruction No. 9 the court told the jury that any negligence of Barney was immaterial and could not affect any right appellee had to recover against appellants. A quite similar situation was considered in Peterson v. Chicago, M. & St. P. Ry. Co., 101 Neb. 3, 161 N. W. 1043, and the conclusion was stated: "It is erroneous to state to the jury by instructions that certain allegations of negligence set forth in the petition are to be considered by it in making up its verdict, and also to tell the jury that such allegations should be disregarded by them. Unless from the whole record it is apparent the jury were not misled thereby, the error must be considered prejudicial, since it is impossible to know which of the directions it followed." See, also, Bryant v. Modern Woodmen of America, 86 Neb. 372, 125 N. W. 621, 27 L. R. A. N. S. 326, 21 Ann. Cas. 365; Sanderson v. Huffman, 132 Neb. 321, 271 N. W. 870; Hief v. Roberts Dairy Co., 138 Neb. 885, 296 N. W. 331; Harsche v. Czyz, 157 Neb. 699, 61 N. W. 2d 265. It is not apparent from the record and it cannot be ascertained that the jury was not misled by the error in and inconsistency of these instructions. It cannot be said that appellee was not prejudiced thereby.

The accident with which this case is concerned happened on U. S. Highway No. 6 about 9 miles west of Omaha near an overpass over the highway. There was a large, deep cut through high ground at that location extending from east to west for several hundred feet. The road was slippery because of ice in that location for a considerable distance. The highway was generally in normal condition for travel. None of the

parties concerned in the happenings resulting in this litigation knew of ice on it and none of them had experienced difficulty in using it the day of the accident except at or near the place where it occurred. The highway was well equipped with lines and signs to guide and warn travelers thereon. The highway was about 40 feet wide and had four lanes, two for westbound travel and two for eastbound travel.

The time of the accident was about noon on January 4, 1953. The day was clear and cold. A large semi-trailer truck was traveling west in the extreme north or outer lane of the highway. It was followed by a car operated by Chester Johnson. Barney was driving his car behind the Johnson car and he was followed by Swank. Johnson passed the truck and when he attempted to return to the outer lane of the highway his car went into a skid, control of it was lost, and because of this it and the Adcock car, proceeding from the west to the east, collided. The Adcock car went out of control, moved northeast to the north side of the road and collided nearly head-on with the Barney car in which appellee was riding as a guest. The Barney car was traveling in the south or inner lane of the highway for westbound traffic. Swank was operating his car in this lane following the Barney car traveling 45 to 50 miles per hour approaching the place where the overpass crossed the highway.

Swank knew there were vehicles traveling ahead of him. The first indication of trouble he observed was the Adcock car about 200 or 250 feet away from him coming from the left or south across the highway to the north. Swank was something like 200 feet east of the truck and he saw it starting to jackknife with the rear end of the trailer moving south toward the center of the highway. He immediately used the brakes on his car. He "pumped" them on and off because he supposed the highway was slippery in view of the movement of the truck. He was then about 100 feet behind the

Barney car and had decreased the speed of his car to 35 to 40 miles per hour. He did not attempt to turn his car to the north into the outside lane of the highway which was clear at that time. He was unable to stop his car and it collided with the rear of the Barney car at about the time the Adcock car collided with its front end. The Barney car was substantially destroyed and appellee sustained serious injuries.

Section 39-749, R. R. S. 1943, provides in part: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway." It is firmly established in this jurisdiction as a general rule that it is negligence for a motorist to operate his vehicle on a highway in such a manner that he cannot stop it and avoid a collision with an object within his range of vision in the direction he is traveling. Nothing will excuse his failure to see what is plainly in sight. If he does not see it must be concluded that he is not alert to the situation and if he does see and does not avoid a collision he does not have the required control. Armer v. Omaha & C. B. St. Ry. Co., 151 Neb. 431, 37 N. W. 2d 607.

In Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250, the court said: "As a general rule it is negligence as a matter of law for a motorist to drive an automobile on a highway in such a manner that he cannot stop in time to avoid a collision with an object within the range of his vision." See, also, Doleman v. Burandt, *supra*.

In Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106, the reason of this rule is stated: "The basis of this rule is that a driver of an automobile is legally obligated to keep such a lookout that he can see what is plainly visible before him and that he cannot relieve himself of that duty. And, in conjunction therewith, he must so drive his automobile that when he sees the

object he can stop his automobile in time to avoid it. * * * There is nothing that will excuse his failure to see what was plainly in sight if he had maintained a proper lookout."

There are exceptions to the general rule stated above. Miers v. McMaken, 147 Neb. 133, 22 N. W. 2d 422. The general rule has no application in any case when reasonable minds might differ on whether or not the operator of a motor vehicle exercised the care and caution required of a reasonably careful and cautious person under the circumstances of the particular situation. Miers v. McMaken, *supra;* Haight v. Nelson, 157 Neb. 341, 59 N. W. 2d 576; Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610; Fick v. Herman, *supra.*

Swank contends that ice upon a highway may be considered the proximate cause of a vehicle becoming unmanageable and colliding with another vehicle. He says that he may not be reasonably charged with the duty of anticipating that the Adcock car would collide with the Barney car and substantially stop its progress as it was traveling west and that the condition of the road would prevent Swank from stopping his car before it collided with the Barney car. He thinks that such intervening circumstances were the proximate cause of the resulting damages sought to be recovered in this case.

Actionable negligence exists when the injury and loss are the proximate result thereof. The proximate result must be the natural and probable consequence which ought to have been foreseen or reasonably anticipated in the light of the attendant circumstances and an injury is not actionable if it would not have resulted from the alleged negligence but for the interposition of a new and independent cause. Proximate cause, as used in the law of negligence, is that cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred. An

efficient intervening cause is a new and independent force which breaks the causal connection between the original wrong and the injury. The cause of an injury is that which actually produces it while the occasion is that which provides an opportunity for the causal agency to act. An assumed cause of action may sometimes be merely a condition and not the real cause. The existence or activities of inanimate things are usually mere conditions and not causes. In Murray v. Pearson Appliance Store, *supra,* this court said: "The existence or presence of smoke, snow, fog, mist, blinding headlights, or other similar elements which materially impair or wholly destroy visibility are not to be deemed intervening causes but rather as conditions which impose upon the drivers of automobiles the duty to assure the safety of the public by the exercise of a degree of care commensurate with such surrounding circumstances." See, also, Ricker v. Danner, 159 Neb. 675, 68 N. W. 2d 338.

Ice upon a highway is not generally considered an independent, intervening causal factor that relieves a motor vehicle operator from responsibility for the result of his negligence. In Allen v. Clark, *supra,* the court observed: "Now, in the case at bar, there was ice in the highway, where defendant was driving too fast to avoid the collision, but the existence of this ice might well have been anticipated by an ordinarily careful driver, for in a case in which smoke made it impossible to see another car, this court said: 'In such a case, the smoke is a condition which the jury should consider in connection with the other evidence in determining the question of negligence.' Anderson v. Byrd, 133 Neb. 483, 275 N. W. 825."

In King v. Carnahan, 61 Ohio App. 84, 22 N. E. 2d 436, the defendant sought to excuse his liability for the collision of his truck operated by his employee with an automobile because an area of the highway coated with ice was obscured by a curve in the road

until the truck was within about 200 feet of the iced area of the road. Defendant argued that these facts constituted a legal excuse for violation of the provision of the statute which prohibited any person from driving a motor vehicle upon a public highway at a greater speed than would permit him to bring it to a stop within the assured clear distance ahead. The court rejected the argument of defendant by this language: "A consideration of these facts discloses that they all relate to the condition of the surface and other conditions of the highway and are such facts as it is the duty of the driver of a motor vehicle under the statute to take into consideration in operating his motor vehicle, and none of them relates to an independent, intervening causal factor; and such facts, therefore, do not constitute a legal excuse for the violation of the provisions of said section by the operator of defendant's truck."

A condition of ice on a highway being accepted as the proximate cause of an accident thereon is that the proof must be that the accident would in some way have occurred by virtue of the existence of the ice even if the motorist had not been negligent. In Colas v. Grzegorek, 207 F. 2d 705, the United States Court of Appeals said: "In order for accident to be solely attributable to icy condition of highway, it must be evident that accident would in some manner have happened because of ice even if motorist had not been negligent." See, also, Hickey v. Missouri Pacific R. R. Corp., 8 F. 2d 128; McDowell v. Interstate Oil Co., 208 Iowa 641, 224 N. W. 58, corrected on rehearing 225 N. W. 855; Hart v. Wabash R. R. Co., 177 F. 2d 492; Restatement, Torts, § 432, p. 1161.

The record does not make it evident that the accident would in some manner have happened because of the ice even if all the participants had been free from negligence. Swank did not establish any fact exempting him from the operation of the general rules above quoted.

His failure to have his car under proper control was clearly the proximate cause of its collision with the Barney car. The contention of appellee that Swank was guity of negligence as a matter of law is correct.

The order granting a new trial of this cause should be and it is affirmed.

AFFIRMED.