WANDA KUFFEL, APPELLANT, V. NICHOLAS KUNCL ET AL., APPELLEES.

150 N. W. 2d 908

Filed May 26, 1967.   No. 36485.

Young, Denenberg & Mullery, for appellant.

Boland, Mullin, Walsh & Cooney, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WHITE, District Judge.

McCOWN, J.

This is an action for personal injuries to a pedestrian

on a sidewalk as a result of being struck by defendants' automobile. The jury verdict was for the defendants and plaintiff has appealed.

The essential facts are not in dispute. The accident occurred at Twenty-third and Castelar Streets in Omaha, Nebraska, January 24, 1962. It was approximately 7 a.m., but still dark. The streets in the entire area were very slick and covered with packed snow and ice and the defendant driver was fully aware of the condition. Castelar Street runs east and west and Twenty-third Street runs north and south. The plaintiff was walking on the sidewalk on the south side of Castelar Street approaching the intersection from the east. The defendant driver, Nicholas Kuncl, hereinafter called defendant, was delivering newspapers in an automobile accompanied by a helper. Castelar Street between Twenty-fourth and Twenty-third Streets is a hill sloping down rather sharply to the east. The defendant approached the intersection proceeding downhill in an easterly direction with his clutch depressed and the brake partially on, at a speed of 10 to 15 miles per hour. Castelar Street, at the intersection in question, was protected by stop signs on the north and south at Twenty-third Street. As the defendant approached the intersection, an unidentified automobile was also approaching from the south on Twenty-third Street. This unidentified automobile did not stop at the stop sign, but proceeded across the intersection directly in front of the defendant. The defendant turned his wheels to the right and applied his brakes in an effort to avoid the unidentified automobile and went into a skid with the rear of his automobile sliding gradually around to the north and the front to the south. The rear ends of the two vehicles just missed; the defendant's car slid sideways on across the intersection, over the curbing which was almost level with ice, and struck the plaintiff on the sidewalk, throwing her into a snowbank, and causing her injuries, the nature and extent of which were in dispute. Both Caste-

lar Street and Twenty-third Street were 25 feet in width. The defendant was 5 or 10 feet west of the intersection when the car commenced skidding. He was going approximately 4 miles an hour at the time his automobile struck the plaintiff and came to rest approximately 3 feet up on the sidewalk on the southeast corner of the intersection.

The defendant specifically pleaded the doctrine of sudden emergency and the negligence of the driver of the unidentified vehicle; and denied any negligence on the part of the defendant.

Instruction No. 11, after first instructing the jurors that if they found the sole proximate cause of the accident was negligence on the part of the driver of the unidentified vehicle, they should return a verdict for the defendants, also instructed: "You are further instructed that if you find from the evidence that the sole proximate cause of the accident was the icy condition of the streets, and that the accident would have occurred because of such ice, even in the absence of negligence by defendant driver, you should then return a verdict in favor of defendants."

In instruction No. 16, the court instructed the jury that the presence of ice and snow upon the streets was a condition which imposed a duty to exercise a degree of care commensurate with the circumstances, and concluded with the paragraph: "The presence of ice upon a street is not an independent, intervening cause that relieves a motorist from responsibility for the result of his negligence unless such result would in some manner have occurred because of the ice, even if the motorist had not been negligent."

In the case of Anderson v. Byrd, 133 Neb. 483, 275 N. W. 825, involving smoke on a highway, this court discussed extensively the distinction between conditions and proximate causes. At least where the presence of frost, ice, snow, mist, fog, or smoke were known, or should have been reasonably anticipated, they have consistently

been held to be conditions rather than intervening or proximate causes in the legal sense. See Guynan v. Olson, 178 Neb. 335, 133 N. W. 2d 571.

It is obvious that the language used in the instructions referred to comes from the cases of Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683, and Bramhall v. Adcock, 162 Neb. 198, 75 N. W. 2d 696. While the particular statements in those cases were loosely paraphrased from the broad concept of negligent conduct as a necessary antecedent of harm in section 432, page 1161, Restatement, Torts, both of the Adcock cases reaffirmed the holding that ice upon a highway was a condition and not an independent intervening causal factor; and specifically found that the record did not make it evident that the accident would, in some manner, have happened because of the ice "even if all the participants had been free from negligence."

The instructions as given permitted the jury to find that the sole proximate cause of the accident was the ice and that the plaintiff would have sustained harm, the same in character and extent as she did receive, only because of the ice and without negligence on the part of anyone.

An instruction which conflicts with propositions of law properly and correctly stated in another instruction in the same charge on a vital issue and tends to mislead or confuse the jury is erroneous and prejudicial. Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661.

The plaintiff also pleaded the violation of an Omaha city ordinance which provided that it shall be unlawful for the driver of a motor vehicle to drive the same along, upon, or across any sidewalk, except at a duly authorized or established crosswalk.

Admission of the ordinance into evidence was objected to on the grounds that it was incompetent, irrelevant, and immaterial, not tending to prove or disprove any issue in the case. Neither was any instruction on

right-of-way given. The defendant argues that the ordinance was properly excluded upon the ground that the evidence showed the defendant driver was only a passive occupant of the car rather than an active participant because it was skidding and out of his control. If this argument be accepted, it would be improper to instruct the jury on the violation of traffic rules or regulations whenever the evidence showed that the driver's vehicle was skidding and out of control, and therefore involuntarily violated them.

The crucial question, however, is not whether the defendant violated the ordinance while his vehicle was skidding and out of control, but whether he was guilty of negligence which contributed to the loss of control. The court had already thoroughly instructed the jury that if the defendant lost control of the motor vehicle through skidding, the driver was not responsible for what happens thereafter unless he was guilty of negligence which contributed to the loss of control. It had also instructed the jury that the driver of a motor vehicle cannot shield himself against a charge of negligence merely by showing that the motor vehicle operated by him was temporarily beyond control due to its skidding, if the skidding was the result of his negligence.

The exclusion of the ordinance necessarily required the court to predetermine that the defendant was not guilty of negligence which contributed to the skidding and loss of control. This was clearly a jury question here. For collection and analysis of innumerable cases involving skidding, see, Annotations, 58 A. L. R. 264, 113 A. L. R. 1002, and 72 A. L. R. 2d 6. On issues of burden of proof, violation of traffic regulations, and some elements of res ipsa loquitur, compare Bergstrom v. Ove, 39 Wash. 2d 78, 234 P. 2d 548; Zanetti Bus Lines, Inc. v. Hurd, 320 F. 2d 123; Evans v. S. J. Groves & Sons Co. (1963), 315 F. 2d 335; Scott v. Checker Cab Co., 12 La. App. 598, 126 So. 241.

While the plaintiff did not in terms plead right-of-way,

she did specifically plead the violation of the ordinance as well as the failure to operate the automobile in the righthand lane of traffic in the street at the location of the collision. Pedestrians have the right-of-way on a sidewalk and it is incumbent upon one who is driving an automobile across a sidewalk to take particular care to avoid endangering or injuring them. Chew v. Coffin, 144 Neb. 170, 12 N. W. 2d 839; 60 C. J. S., Motor Vehicles, § 346, p. 806.

The court properly instructed the jury that the violation of traffic laws, ordinances, or regulations is not in itself negligence as a matter of law, but is to be considered as evidence of negligence together with all other facts and circumstances in evidence. The exclusion of the city ordinance, coupled with the omission of any instruction on right-of-way, was prejudicially erroneous. The plaintiff's remaining assignments of error are without merit.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion because I feel there was no prejudicial error in the instructions, and the judgment should be affirmed.

We have said many times that in reviewing instructions to a jury this court must read and consider the instructions as a whole. Bunselmeyer v. Hill, 179 Neb. 140, 137 N. W. 2d 354. If that is done in this case, it is obvious that the jury could not have been misled.

The instruction questioned is essentially the language of Bramhall v. Adcock, 162 Neb. 198, 75 N. W. 2d 696. The last two syllabus points in that case are as follows: "The presence of ice upon a highway is not generally an independent, intervening causal factor that relieves an automobile operator from responsibility for the result of his negligence.

"In order for an accident to be solely attributable to

an icy condition of the highway, it must be made evident that the accident would in some manner have occurred because of the ice, even if the motorist had not been negligent."

I do not consider the instructions conflicting, but even if they could be so construed, they are not prejudicial as it is apparent from the record that the jury was not misled thereby. Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683.

As to the requiring of an instruction on the ordinance in question, it seems to me that such instruction is superfluous at best under the issues of the case.

In my judgment, the trial judge fully, adequately, and carefully instructed the jury on the issues involved.