DORIS E. NEWKIRK, APPELLANT, V. CHRIS S. KOVANDA ET
AL., APPELLEES.

165 N. W. 2d 576

Filed March 7, 1969. No. 36942.

Healey & Healey, for appellant.

Wilson, Barlow & Watson, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER and ACH, District Judges.

WHITE, C. J.

This is a personal injury automobile accident case. A Chevrolet automobile, in which the plaintiff was a passenger, struck the rear end of a Dodge automobile. While the plaintiff was still sitting in the Chevrolet about 5 to 10 minutes later, the defendants' Ford struck the tail end of the Chevrolet. Plaintiff sued the operator and the owner of the Ford, and after a jury verdict and a judgment for the defendants, the plaintiff has appealed.

Plaintiff complains that the trial court was in error: In denying her motion for a proper instruction that the defendant operator of the Ford negligently caused the second collision, and (2) in refusing her tender of an instruction relating to indivisible injury produced by separate, independent acts.

Plaintiff was a passenger in the Chevrolet traveling east on O Street toward the intersection with Lyncrest Drive, Lincoln, Nebraska, near noon, December 1, 1966. Leaving slushy traffic lanes, the Chevrolet entered a left-turn lane that extended 350 feet to Lyncrest Drive. This lane sloped steeply to the east and was icy and slippery. While the Chevrolet was approaching the intersection, a Dodge Dart was waiting at the east end of the lane for a traffic control signal to change. Timely anticipating a collision, plaintiff braced herself with hands on the dash and feet against the floor. The car in which plaintiff was riding collided with the rear end of the Dodge Dart and stopped. According to plaintiff's testimony she did not bump or hit anything from movement of her body in the car and in her own opinion she was not hurt by this first collision or accident. The impact drove the Dodge Dart into the intersection. It came to rest 20 feet east of the Chevrolet, which remained west of the intersection. From this accident, the rear bumper and trunk lid of the Dodge, and the front grille, hood, bumper, and headlight of the Chevrolet were damaged.

Five or ten minutes later the plaintiff was still sitting in the Chevrolet when Chris Kovanda, hereinafter referred to as defendant, approached from the rear in a Ford Mustang. Unaware of the previous collision, he stopped a few feet behind the Chevrolet. The evidence shows that defendant was driving on streets that he knew to be icy and slippery and in broad daylight. It conclusively shows that he saw and observed the automobile in which plaintiff was sitting for a considerable period of time before the collision occurred. It shows that he stopped some distance, a few inches or 2 to 3

feet behind the automobile in which plaintiff was sitting. His own testimony is that he decided "to get out of there"; that he put his car in reverse; that his foot was on the accelerator; and that in the performance of this operation, his car went forward and collided with the rear end of the car in which plaintiff was sitting as a passenger. The defendant's own version of how this occurred was that his rear wheels turned backwards and his front wheels slid forward. After the accident the bumpers of the two automobiles remained in contact. The damage to the Chevrolet in which the plaintiff was sitting was slight but significant. The bumper was damaged and beneath the bumper the gravel guard or shield had dents in it. In Doleman v. Burandt, 160 Neb. 745, 71 N. W. 2d 521, the plaintiff's automobile had already collided with a third automobile during a snow storm when the defendant, coming from the rear in the snow storm, on icy pavement, ran into the rear of the plaintiff's automobile. This court, in that case, held that the first collision could not in any way have been a proximate cause of the second one, and held that the defendant, by running into the rear of a stopped car was guilty of negligence as a matter of law. This court said: "The defendant, by his own testimony, is guilty of negligence as a matter of law. In Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106, it was held: '* * * a driver of an automobile is legally obligated to keep such a lookout that he can see what is plainly visible before him, and that he cannot relieve himself of that duty. And, in conjunction therewith, he must so drive his automobile that when he sees the object he can stop the automobile in time to avoid it.' "

This court very recently affirmed this holding and its application to facts substantially similar to those present in the case at bar. In Ritchie v. Davidson, 183 Neb. 94, 158 N. W. 2d 275 (April 19, 1968), this court held a driver who, in broad daylight, ran into an automobile parked at a stop sign, was guilty of negligence as a mat-

ter of law. Therein we held as follows: "Consequently, resolving all inferences in favor of the defendant, we hold that the defendant was guilty of negligence as a matter of law under the circumstances of this case.

"We further hold that her negligence was the sole proximate cause of this accident. In Stanley v. Ebmeier, 166 Neb. 716, 90 N. W. 2d 290, we said: ' "It is a general rule, subject to exceptions not applicable to this case that it is negligence as a matter of law for a motorist to drive an automobile on a public highway, at any time, at a speed or in such manner that it cannot be stopped or its course changed in time to avoid a collision with an object or obstruction discernible within his range of vision in the direction he is traveling. * * * The basis of the foregoing general rule is that the driver of an automobile is legally and mandatorily obligated to keep such a look-out that he can see what is plainly visible before him and to operate his automobile in such a manner that he can stop it and avoid collision with any object in front of him." ' "

As is plainly apparent from the reading of the above cases, we are not dealing in this case with a situation where there is any possibility of the application of any of the exceptions to the rule. The undisputed evidence is that it was broad daylight, that the automobile in which the plaintiff was sitting was in plain sight, and that, in fact, the defendant had already stopped behind it. The facts here are undisputed. We know of no rule that would permit a holding that because the defendant's degree of inadvertence was small, that it would be, therefore, nonnegligent. The only inference that can be drawn from the evidence is that the defendant so managed and operated his automobile as to drive into the rear end of a vehicle ahead of him in plain sight and plainly visible to him.

Nor can there be any relief from liability because of the icy and slippery condition of the street. It should be pointed out that it was this very condition and the de-

fendant's inability or inadvertence in managing and controlling his automobile, when he knew the icy condition was present, which was the proximate cause of this accident. We have held within the meaning of the applicable rule involved here that ice or snow upon a highway is not considered an independent, intervening factor that relieves a motor vehicle operator from the responsibility for the results of his negligence in the operation and control of his automobile. Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683; Doleman v. Burandt, *supra;* Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250; Anderson v. Byrd, 133 Neb. 483, 275 N. W. 825. In Kuffel v. Kuncl, 181 Neb. 770, 150 N. W. 2d 908, this court said: "At least where the presence of frost, ice, snow, mist, fog, or smoke were known, or should have been reasonably anticipated, they have consistently been held (under our cases) to be conditions rather than intervening or proximate causes in the legal sense."

In Guynan v. Olson, 178 Neb. 335, 133 N. W. 2d 571, this court directly held that the presence of frost, ice, snow, mist, or fog was not sufficient to present a jury question in the application of the rule of being able to stop an automobile within the range of vision of a discernible object ahead. This court said: "We point out that no matter what the conditions of visibility were, the defendant did discover the plaintiff and his cattle over a city block away. He was unable to avoid them and he struck them on the west and wrong side of the road. Nor does frost, ice, mist, or fog excuse such action. These are conditions and not intervening causes and require drivers to exercise a degree of care commensurate with the circumstances. Guerin v. Forburger, supra; Bramhall v. Adcock, 162 Neb 198, 75 N. W. 2d 696; Murray v. Pearson Appliance Store, supra; Anderson v. Byrd, 133 Neb. 483, 275 N. W. 825; Fischer v. Megan, 138 Neb. 420, 293 N. W. 287." Consequently we come to the conclusion that the plaintiff's request for a peremptory in-

struction on negligence of the defendant should have been granted and the court's failure to do so was prejudicial error.

Turning now to the claimed error in the instruction on damages and injuries, we briefly review the facts. According to the plaintiff the second accident happened when the plaintiff was turning left in the seat to brace herself. It threw her into a post between the windshield and the door. Her testimony is that a large bump immediately appeared on the right side of her head and was visible until December 2, 1966, the next day. Plaintiff was hospitalized between December 1 and 6, 1966, for treatment of a cervical strain. Summarizing the evidence, there is conflicting medical testimony and other evidence that would permit a reasonable man to find that the strain resulted from the first but not the second accident, or from the second but not the first accident. The court refused plaintiff's requested instruction which is as follows: "If separate, independent acts of negligence combine to produce an injury, each party involved therein is responsible for the entire result even though the act of one alone might not have caused the injury. If you find that the injuries to plaintiff were proximately caused * * * both by the first collision and the negligence of defendants * * * and that the injury is single and indivisible and cannot logically be apportioned between the two collisions, then defendants are liable for the whole extent of the injuries sustained."

The charge of a trial court to the jury should be confined to the issues presented by the pleadings and supported by the evidence. It is error to submit to the jury an issue which is not pleaded in the case. Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683. The plaintiff's theory of this case is easily ascertained both from her evidence and her pleadings in this case. Her evidence is that she was not hurt in the first accident. She states that she braced herself with her hands on the dash and

her feet against the floor and she was not thrown against anything by the first collision. In her pleadings she does not claim that she received an indivisible injury as the result of the two accidents nor was it alleged that she was injured as a result of the combined or concurrent negligence of defendant and the driver of the car in which she was riding. Rather, in her petition, she alleged that her injuries were a proximate result of the second accident. The instructions that the court gave in this case specifically and faithfully follow the theory pleaded by the plaintiff. The jury was instructed that the plaintiff claimed that the defendant was negligent; that she was injured as a proximate result of that negligence; that the plaintiff had the burden of proving this allegation and that such negligence was the proximate cause of the collision; and that as a direct and proximate result of such negligence and resulting collision the plaintiff sustained damages. The trial court properly defined and instructed on proximate cause and negligence. The court in another instruction required a verdict for the defendants in the event of the failure of the plaintiff to prove the "nature, extent and amount of damages thus sustained by the plaintiff." There is no contention in this case by the plaintiff that the driver of the car in which she was riding at the time of the first accident was negligent, or that any negligence on the first driver's part continued on and concurred with the alleged negligence of the defendant. The only issue presented by the plaintiff is whether the negligence of the defendant in proximately causing the second accident was a proximate cause of her injuries and damages. We conclude, therefore, that there was no basis in the evidence or pleadings that injury to the plaintiff was the result of separate, independent acts of negligence by different persons combined to proximately cause the injuries of the plaintiff. Consequently, there was no prejudicial error in refusing to give the requested instruction.

For the reasons given above, the judgment of the dis-

trict court is reversed and the cause remanded for a new trial. ··

REVERSED AND REMANDED.

KOKJER, District Judge, dissenting.

I respectfully dissent. The rule set out in syllabus number 1 of the majority opinion is correct but it should not be applied as a matter of law in this case. Had defendant driven his car into the left-turn lane at such a speed that he was unable to stop, even under the icy conditions existing, before hitting the car in which plaintiff was a passenger, he would have been guilty of negligence as a matter of law. The rule would also apply as a matter of law if he failed to maintain a proper lookout and ran into the car which was in plain view ahead. In this case the evidence indicates that defendant was driving slowly; and that he saw the car ahead and stopped without coming into contact with it. The question then is, did he stop, as claimed, before hitting the car; or, after having stopped, was he negligent in any way when he released his brakes and tried to back up? This is a question of fact. It was submitted to the jury, as it should have been, by the trial court and decided by the jury in favor of defendant. The trial court committed no error and the judgment should be affirmed.

SMITH and McCOWN, JJ., concur in this dissent.