TONY A. ZAGER, APPELLANT, v. JANETTE JOHNSON, APPELLEE.

124 N. W. 2d 390

Filed November 15, 1963. No. 35491.

Haney, Walsh & Wall, for appellant.

Fraser, Stryker, Marshall & Veach, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

· This is an action to recover damages arising out of an automobile accident in which Tony A. Zager is the

plaintiff and Janette Johnson is the defendant. The jury returned a verdict for the defendant. The plaintiff's motion for new trial was overruled and he has appealed.

The accident occurred when the front of the defendant's automobile collided with the right side of the plaintiff's truck at the intersection of Thirty-ninth and Washington Streets in Omaha, Nebraska. A more complete statement of the facts may be found in our first opinion in this case in 174 Neb. 106, 116 N. W. 2d 1.

The plaintiff's assignments of error all relate to the instructions given by the trial court. The plaintiff's principal contention is that instructions Nos. 1 and 5, when considered together, placed an improper burden of proof upon the plaintiff.

Instruction No. 1 was a summary of the allegations of the petition. Instruction No. 5 related to the matters which the plaintiff was required to prove in order to recover judgment.

Instruction No. 1 provided in part as follows:

"Plaintiff further alleges that his injury and damage to his property was the direct and proximate result of the negligence of the defendant as follows:

"(a) In failing to keep a proper lookout for vehicles traveling on 39th Street and particularly plaintiff's truck.

"(b) In failing to yield the right of way to plaintiff's truck, which had entered the intersection before the defendant's automobile.

"(c) In operating her automobile at a high and dangerous rate of speed, to wit: 40 miles per hour.

"(d) In failing to have her automobile under proper control.

"(e) In failing to swerve or stop her automobile or to do any other thing reasonably in her power and control to avoid a collision with the side of plaintiffs' truck."

Instruction No. 5 was as follows:

"The burden is upon the plaintiff to establish by a preponderance of the evidence the *following propositions:*

"1. That the defendant was negligent in one or more

of the respects charged against the defendant in the *numbered parts* of Instruction No. 1.

"2. That any such negligence was the proximate cause of the resultant injury to plaintiff and damage to the truck and other personal property of the plaintiff.

"If the plaintiff has so proved all of the *foregoing numbered propositions* your verdict will be for the plaintiff, unless you find the plaintiff himself to have been negligent proximately contributing to cause the accident and to an extent to defeat his recovery as herein elsewhere stated. If the plaintiff has failed to prove any one of the *foregoing numbered propositions* by a preponderance of the evidence your verdict will be for the defendant." (Emphasis supplied.)

The plaintiff complains that the effect of instruction No. 1 was to require the plaintiff to prove that the defendant was operating her automobile at a rate of speed of 40 miles per hour in order to recover on the allegation of negligence relating to speed. The plaintiff points out that the speed limit at the intersection where the accident occurred is 25 miles per hour and that according to the direct evidence the maximum speed of the defendant's automobile was 35 miles per hour.

If the plaintiff was not satisfied with the allegations of his petition, the remedy was an application for leave to amend. In the absence of such an application, the trial court was required to submit the allegation of the petition concerning speed to the jury if there was sufficient evidence to sustain it. In determining whether there was sufficient evidence to sustain the plaintiff's allegation as to the defendant's speed, the trial court was required to consider the circumstantial evidence as well as the direct evidence. Circumstantial evidence may be sufficient to support a finding as to the rate of speed at which a motor vehicle was operated, and may be sufficient to overcome direct evidence as to that fact. Coyle v. Stopak, 165 Neb. 594, 86 N. W. 2d 758.

There was evidence in this case as to the weight of

the plaintiff's truck and its contents, the relative distances of the vehicles from the point of impact before the collision, the skid marks left by the defendant's automobile, and the damage to the vehicles in the collision. There was evidence that the plaintiff's truck was forced into and against another automobile which was proceeding north on Thirty-ninth Street, that the equipment and material in the plaintiff's truck were thrown out of it by the impact, and that the defendant's automobile became attached to the plaintiff's truck and was dragged to the south after the impact. The plaintiff testified that the hot pot or cooker, which weighed 250 or 350 pounds, was thrown out of the truck by the impact and that it landed about 30 feet into some property. We think that the circumstantial evidence in this case, particularly that relating to the force of the impact, was sufficient to require the trial court to submit the plaintiff's allegation concerning speed to the jury.

The plaintiff further complains of the reference in instruction No. 5 to "the numbered parts" of instruction No. 1. There were no "numbered parts" in instruction No. 1 and the plaintiff argues that the jury may have been confused and believed that the plaintiff was required to prove all of the specifications of negligence alleged in order to recover.

It is unfortunate that the trial court referred to the "numbered" parts of instruction No. 1 instead of the "lettered" parts. However, in order to misunderstand instruction No. 5, as the plaintiff contends, it would have been necessary for the jury to have confused the "numbered parts" of instruction No. 1 with the "foregoing numbered propositions" which were set out in instruction No. 5 and denominated as such.

The meaning of an instruction, and not its phraseology, is the important consideration. Where the meaning of an instruction is reasonably clear it is not prejudicially erroneous. Bolio v. Scholting, 152 Neb. 588, 41 N. W. 2d 913. A judgment will not be reversed because

of an inadvertent substitution of words in an instruction if the jury could not reasonably have been misled thereby. Pierson v. Jensen, 150 Neb. 86, 33 N. W. 2d 462. See, also, Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217; Tidd v. Stull, 128 Neb. 506, 259 N. W. 369; Zelenka v. Union Stock Yards Co., 82 Neb. 511, 118 N. W. 103. We think that the jury in this case was able to ascertain the meaning of instruction No. 5 and to understand it correctly notwithstanding the inadvertent substitution of "numbered parts" for "lettered parts."

The plaintiff complains that it was error for the trial court to give instructions Nos. 7, 8, 9, and 14 which related to the rules of the road and right-of-way at intersections. These instructions, or parts of them, were requested by the defendant. The plaintiff does not contend that any of the instructions contained erroneous statements of law. The plaintiff argues that the instructions were repetitious and gave undue emphasis to the defendant's theory of the case.

The accident involved in this case occurred at an intersection where there was no traffic control. The defendant was to the right, but the plaintiff claimed that he entered the intersection first. Right-of-way was an important issue. It was necessary that the jury be instructed fully as to the relative rights and responsibilities of the drivers involved in the accident. See Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496. From our examination of the record, we conclude that it was proper for the trial court to give the instructions in question.

The plaintiff assigns error with respect to instruction No. 12. No objection was made to this instruction in the motion for new trial. An assignment of error relating to an instruction to the jury will not be considered by this court unless it was included in the motion for new trial. Jensen v. Priebe, 163 Neb. 481, 80 N. W. 2d 127. Accordingly, we do not consider this assignment of error.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.