GLADNEY, Judge.
This tort action involves a claim for personal injuries filed by Van W. Davis on September 7, 1962. Made defendants are Mrs. Vergie Barksdale, the owner of a Chrysler automobile, its driver, Carolyn J. Johnson, and the insurer of the automobile, United Services Automobile Association. Subsequent to trial of the case Van W. Davis died on December 9, 1962, and Mrs. Lillian Corrales Davis, his widow and ad-ministratrix of the succession, was substituted as party plaintiff. After trial of the case on the merits, judgment was rendered in favor of plaintiff and against all defendants, in the sum of $2,376.19. Plaintiff has appealed, asking that the award be increased. Defendants have answered the appeal, asking that the award allowed plaintiff for pain and suffering be reduced.
On September IS, 1961, Van W. Davis stopped his Pontiac sedan behind a line of traffic headed westerly along Texas Street at its intersection with Marshall Street, in Shreveport, Louisiana, he and the cars preceding him having stopped in response to a red light. While in this position his car was struck from behind by a motor vehicle operated by Carolyn J. Johnson, the *399 ■daughter of the owner, Mrs. Vergie Barks-dale.
For a cause of action petitioner alleged that Miss Johnson, the operator of the Chrysler car, was negligent in several respects, including charges of excessive speed, failure to maintain a proper lookout, failure to maintain proper control and failure to efficiently and promptly apply her b akes. It was alleged that Mrs. Barksdale was negligent in that she maintained her Chrysler in a defective condition and in allowing the car to be used with defective and unsafe braking mechanism. Defendants answered with a general denial, and the principal defense posed upon the trial of the case was that the accident was entirely caused by the failure of the brakes on the Chrysler car due to the fact that one of the brake cylinders erupted immediately prior to the collision.
The resolution of this case turns upon whether or not the accident was entirely caused by the eruption of the brake cylinder without any advance warning. This also raises a question as to whether •or not the operator was afforded timely opportunity to control the vehicle by use of the emergency brake. Miss Johnson, after conceding that her emergency or hand brake was in good working order, testified that her failure to use it was due to her momentary forgetfulness in that she “just did not think about it”. She stated that she was some three or four car lengths away from the point of impact when she realized that her footbrake was not holding and at that time she was traveling at a speed of not more than fifteen or twenty miles per hour. Under these circumstances, in our opinion, •she could and should have used the emergency brake.
This accident occurred on September 15, 1961, at which time LSA-R.S. 32:284 (1950) was in effect. This section •of the statute required every motor vehicle to be equipped with an emergency brake. 'The need of a dual braking system is recognized by the Highway Regulatory Act, and we can think of no regulation more conducive to the safety of motorists traveling upon the highway. The failure of Miss Johnson to use her emergency brake under the circumstances above stated, was, in our opinion, inexcusable and constitutes an act of negligence which was the sole proximate cause of the accident.
This court considered this responsibility in Fulco v. Lumbermen’s Mutual Casualty Company, La.App., 110 So.2d 871 (2d Cir. 1959), where a motorist discovered the foot brakes on her automobile were defective, but she did not stop at any of the service stations or garages which she passed before she collided with the rear of another automobile when her footbrakes failed to function. She did not use the emergency brake, although she had ample time to apply the emergency brakes, because she did not think of utilizing them. This court found that she was guilty of negligence.
In connection with the injuries received by Van W. Davis, the record discloses that he sustained a whiplash type of injury which Dr. Paul M. Campbell, an osteopath, described as an “extension injury with traumatic lesions of the neck and upper back”. Dr. Campbell found muscle spasm but no fractures. He treated Mr. Davis on some fifty-six visits from September 15th through November 24, 1961. Dr. Campbell and Davis both testified that subseqttently treatments were continued but were not billed. Dr. Bennett H. Young, an orthopedist of Shreveport, first examined Davis on February 20th and again on November 19, 1962. The findings of this doctor were essentially negative as to any injury or disability related to the accident. Foras-much as counsel for appellant has strenuously urged the award should be increased, we have especially examined with care the testimony of Dr. Campbell. The testimony of this doctor discloses that Davis suffered certain chronic conditions which caused him continued and prolonged discomfort. Those conditions, however, do not *400 appear to be causally connected with the accident. Likewise, we must infer that at least a substantial part of Dr. Campbell’s treatments were in connection with conditions not attributed to the accident.
It is our opinion that the amount allowed by the trial court for compensation for the whiplash type of injury sustained by plaintiff was neither inadequate nor excessive, and, accordingly, the judgment will be affirmed, at appellant’s cost.