183 So.2d 77 (1966)
Edward H. ROBINSON et al., Plaintiffs, Appellants and Appellees,
v.
AMERICAN HOME ASSURANCE COMPANY et al., Defendants, Appellees and Appellants.
No. 1628.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1966.
*78 Wood & Jackson, by W. R. Jackson, Jr., Leesville, for plaintiffs-appellants-appellees.
Gold, Hall & Skye, by Leo Gold, Alexandria, for defendants-appellees-appellants.
Before SAVOY, CULPEPPER and HOOD, JJ.
HOOD, Judge.
This is an action for damages for personal injuries sustained by plaintiffs as the result of a rear end motor vehicle collision. The suit was instituted by Edward H. Robinson and Floyd Goleman against Mrs. Huldie Mae Rollins and her insurer, American Home Assurance Company. The trial court rendered judgment on the merits in favor of plaintiffs and against both defendants, awarding Robinson $915.71, and awarding Goleman $1015.96. All parties have appealed.
Plaintiffs argue that the awards made by the trial court are inadequate and should be increased. Defendants contend that Mrs. Rollins was not negligent and that the trial court erred in condemning defendants to pay damages.
The collision occurred about 3:10 p. m. on July 2, 1964, on a blacktopped state highway, approximately one mile north of the town of Elizabeth, Louisiana. Goleman was driving his car in an easterly direction on that highway behind a pulpwood truck. Robinson was a passenger in that car. Goleman brought his automobile to a gradual stop, or almost to a stop, when the truck ahead of him reduced its speed considerably and then made a right turn. While the Goleman car was thus stopped, or moving slowly, it was struck in the rear by an automobile being driven by Mrs. Rollins.
Immediately before the collision occurred, Mrs. Rollins had been driving in an easterly direction on the same highway behind the Goleman automobile. She testified that she saw the Goleman car when it slowed down or stopped ahead of her, that she applied her brakes in ample time to bring her car to a stop behind him, that as soon as she depressed the brake pedal she discovered that her brakes were completely out, and that she then ran into the rear of the Goleman car. She stated that she was driving at a speed of about thirty miles per hour when she first attempted to apply her brakes, that she applied them when she was at least sixty or sixty-five feet from the Goleman car, and that she would have had ample time within which to stop if her brakes had operated properly. After she discovered that her service brakes did not work, she made no attempt to apply her emergency brake or to shift her automobile into a lower gear to slow it down.
Mrs. Rollins stated that she had had no trouble with her brakes prior to that time, that her car was less than two years old, and that she had had no reason to suspect that the brakes would not function properly. The evidence establishes that the brakes on the Rollins car did not work immediately after the accident occurred. An automobile mechanic who inspected the car after the collision testified that the left front wheel cylinder on the car was defective, that this defect had caused the brake fluid to leak out, and that the leaking of fluid rendered the service brakes ineffective as a means of stopping the car. It also appears from the testimony of the same mechanic that the emergency brake on the Rollins car was in good working order immediately after the accident.
The trial judge concluded that Mrs. Rollins' failure to apply the emergency brake after she discovered that her service brakes were out constituted negligence, and that her negligence in that respect was a proximate cause of the accident.
As correctly pointed out by defendants, a driver generally is not held to be responsible for latent defects in his car where he exercises reasonable care in having *79 the car inspected. In order for latent defects to constitute a valid defense, however, the proof must be so strong as to exclude any other reasonable hypothesis with reference to the cause of the accident except that it resulted solely from the alleged defects, and it must establish that the driver was not aware of the defects and that the defects could not reasonably have been discovered and remedied by a proper inspection. Trascher v. Eagle Indemnity Company of New York, La.App. Orleans, 48 So.2d 695; Breaux v. Valin, La.App. 3 Cir., 138 So.2d 405; and Dowden v. Jefferson Insurance Company, La. App. 3 Cir., 153 So.2d 162.
LSA-R.S. 32:341 provides that every motor vehicle shall be equipped with brakes adequate to stop such vehicle, including two separate means of applying the brakes, and that the brakes shall be so constructed that the failure of one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels.
The requirement of this statute that every automobile be equipped with an emergency brake is a safety measure, and it is the obvious intent of the statute to require that the motorist resort to the use of the emergency brake in cases of emergency where the ordinary foot brake is ineffective. Our jurisprudence is settled that the failure of a motorist to use the emergency brake on the automobile he is driving, after he realizes that the foot brake is not holding and while he still has an opportunity to control the vehicle by using the emergency brake, constitutes negligence. Davis v. United Services Automobile Association, La.App. 2 Cir., 159 So.2d 398; Rochefort v. Teche Lines, Inc., La.App.Orleans, 186 So. 751; Fulco v. Lumbermen's Mutual Casualty Company, La.App. 2 Cir., 110 So.2d 871; and Davis v. New York Underwriters Insurance Company, La.App. 1 Cir., 141 So.2d 673.
In Davis v. United Services Automobile Association, supra, the driver of the following vehicle was three or four car lengths from the point of impact and she was driving at a speed of fifteen to twenty miles per hour when she first realized that her foot brake was not holding. The court held that her failure to use her emergency brake under those circumstances was inexcusable and constituted an act of negligence on her part.
In the instant suit, Mrs. Rollins testified that although her foot brake did not work and she did not apply her emergency brake, she nevertheless reduced her speed to the point that she was traveling "real slow" and that she was "almost stopped" at the time the collision occurred. She also concedes that the emergency brake was conveniently located and that it would have stopped the car if she had used it. These facts indicate to us that Mrs. Rollins would have been able to control the car and that she could have avoided the accident if she had utilized the emergency brake after she discovered that her service brakes did not function.
Defendants point out the relatively short period of time which would be required for the Rollins car to travel sixty or sixty-five feet at thirty miles per hour, and they argue that the driver did not have time to apply her emergency brake. We find no merit to that argument because, as we have already pointed out, the Rollins car did not maintain a speed of thirty miles per hour while traveling that entire distance, and thus the driver had more time than that computed by defendants within which to react. Also, Mrs. Rollins stated that she could have been further than sixty-five feet from the point of impact when she applied her brakes, and the fact that the speed of her car was reduced from thirty miles per hour to the point that it was "almost stopped" before the collision occurred, all without the aid of any brakes at all, indicates that she actually was a greater *80 distance from the point of impact than he thought she was.
We concur with the conclusion reached by the trial judge that Mrs. Rollins was negligent in failing to apply her emergency brake after she discovered that her foot brakes were out, and that her negligence in that respect was a proximate cause of the accident. Defendants, therefore, are liable to plaintiffs for the damages which plaintiffs sustained.
As a result of the accident, Goleman sustained an acute cervical strain and myositis of the trapezius muscle. He was treated by one physician from July 9 until July 17, 1964, and by another from August 16 to September 24, 1964. He was hospitalized for three days during this last period of treatment. His last treating physician stated that he was still suffering pain at the time of his discharge, and that he would continue to have some neck and back pain for an unknown period of time, but that the pain would diminish and there would be no permanent residual disability. He was last examined on February 26, 1965, by an orthopedic surgeon, who stated that at that time Goleman had only very mild residuals, and that he should gradually be relieved of all discomforts in the neck and back regions, the estimated time of recovery being about one to three months thereafter. Plaintiff missed a total of six days from work because of the injuries he received. He testified that he was still suffering occasionally from pain in his neck and back and from severe headaches at the time of the trial, which took place about eleven months after the accident.
The trial judge allowed Goleman $500.00 for pain and suffering. We think the award for that item of damages is inadequate and should be increased to $1200.00. No issue is raised as to the allowance of special damages in the amount of $515.96.
Robinson sustained substantially the same type of injury as that suffered by Goleman. He was treated by a general practitioner from July 3 to July 18, 1964, and by another from August 13 to August 18, 1964. He was hospitalized for three days in connection with the treatment of these injuries. He was last examined on April 9, 1965, by an orthopedist who felt that he had almost recovered from his injuries, that there would be no residual disability, that he could and should continue to work, and that within three to six months he should be completely recovered. Although the evidence is not clear as to how many days of work Robinson missed because of these injuries, we conclude that he missed about the same period of time as did Goleman. At the trial he complained of the same type of pain or discomfort as did the other plaintiff.
The trial judge allowed Robinson $600.00 for pain and suffering. We think this is inadequate, and that it should be increased to $1200.00. No issue is raised here as to the award of $315.71 made to Robinson as special damages.
For the reasons herein set out, the judgment appealed from is amended by increasing the award made to Floyd Goleman from $1015.96 to $1715.96, and by increasing the award made to Edward H. Robinson from $915.71 to $1515.71. In all other respects, and as thus amended, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Amended and affirmed.