DOROTHY A. RITCHIE, APPELLANT, v. BEVERLY J. DAVIDSON, APPELLEE.

158 N. W. 2d 275

Filed April 19, 1968.   No. 36719.

John J. Lawler, for appellant.

Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an automobile accident case in which the defendant failed to apply her emergency footbrake and ran into the rear end of plaintiff's car which was stopped at a stop sign. The jury verdict and judgment thereon were for the defendant and plaintiff appeals. We reverse the judgment.

There are several questions presented and argued. The only one necessary for a determination of this case is the question of the sufficiency of the evidence to sustain the verdict and judgment.

The accident occurred at Fifty-second and Blondo Streets, Omaha, Nebraska, at about 4:30 p.m., June 16, 1965, a clear, dry, sunny day. The intersection is pro-

tected by four stop signs and plaintiff, going east, stopped her car at the west stop sign on Blondo Street. Defendant, also proceeding east on Blondo Street, was coming down a slight incline at 15 to 25 miles per hour, started to slow for the stop sign and the plaintiff's parked car, her regular footbrake did not hold, and instead of using her emergency footbrake, she pulled at the brake release lever, she was unable to stop or turn her car aside, and collided with the rear end of plaintiff's vehicle. Defendant had 15 years' experience as a driver, and since March 1965 had driven almost daily the automobile she was operating. The regular footbrake failed because of a sudden leak in the hydraulic system. The "emergency" footbrake was in good working order. There is no allegation or suggestion in the evidence of negligence on plaintiff's part.

Our statute, section 39-773, R. R. S. 1943, requires that every motor vehicle be equipped with brakes, "including *two* separate means of applying the brakes, each of which means shall be effective * * * and so constructed that no part which is liable to failure shall be common to the two, * * *." (Emphasis supplied.) The defendant's car was equipped with dual brakes. They had an obvious statutory and practical purpose. It seems self-evident to us that the other or "emergency" braking system is for the purpose of bringing a car to a stop in a sudden or unexpected occurrence or circumstance, and is particularly designed for the very situation we have here, where the footbrake failed. And elementary due care as to brakes requires that the operator be familiar with their use and that he use them, if necessary, to avoid accidents.

A case directly in point is Davis v. United Services Automobile Assn. (La. App., 1963), 159 So. 2d 398, wherein it is said: "* * * The resolution of this case turns upon whether or not the accident was entirely caused by the eruption of the brake cylinder without any advance warning. This also raises a question as to whether

or not the operator was afforded timely opportunity to control the vehicle by use of the emergency brake. Miss Johnson, after conceding that her emergency or hand brake was in good working order, testified that her failure to use it was due to her momentary forgetfulness in that she 'just did not think about it.' She stated that she was some *three or four car lengths away from the point of impact when she realized that her footbrake was not holding and at that time she was traveling at a speed of not more than fifteen or twenty miles per hour.* Under these circumstances, in our opinion, she could and should have used the emergency brake. * * * the statute required every motor vehicle to be equipped with an emergency brake. The need of a dual braking system is recognized by the Highway Regulatory Act, and we can think of no regulation more conducive to the safety of motorists traveling upon the highway. The failure of Miss Johnson to use her emergency brake under the circumstances above stated, was, in our opinion, *inexcusable and constitutes an act of negligence which was the sole proximate cause of the accident."* (Emphasis supplied.)

Consequently, resolving all inferences in favor of the defendant, we hold that the defendant was guilty of negligence as a matter of law under the circumstances of this case.

We further hold that her negligence was the sole proximate cause of this accident. In Stanley v. Ebmeier, 166 Neb. 716, 90 N. W. 2d 290, we said: " 'It is a general rule, subject to exceptions not applicable to this case, that it is negligence as a matter of law for a motorist to drive an automobile on a public highway, at any time, at a speed or in such manner that it cannot be stopped or its course changed in time to avoid a collision with an object or obstruction discernible within his range of vision in the direction he is traveling. * * * The basis of the foregoing general rule is that the driver of an automobile is legally and mandatorily obligated to keep such a look-

out that he can see what is plainly visible before him and to operate his automobile in such a manner that he can stop it and avoid collision with any object in front of him.'" See, also, identical holdings in Guynan v. Olson, 178 Neb. 335, 133 N. W. 2d 571; Guerin v. Forburger, 161 Neb. 824, 74 N. W. 2d 870; Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp., 161 Neb. 152, 72 N. W. 2d 669; Dryer v. Malm, 163 Neb. 72, 77 N. W. 2d 804; Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250; Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106.

The question here is not negligence from the sudden failure of the whole regular braking system with the resulting question of the possible application of the sudden emergency doctrine. See 2 Blashfield, Automobile Law and Practice, Brakes, § 107.4, p. 461, et seq. The question here clearly is the negligence of the defendant in the operational failure to properly use the statutorily commanded dual braking system. There was an "emergency" brake but no legal emergency flowing from lack of fault of the driver.

It is clear that the issue of negligence and the "sudden emergency" doctrine should not have been submitted to the jury. It is the duty of the district court, on its own motion, to submit to the jury only the issues upon which there are controverted questions of fact which must be determined by the jury in order to properly arrive at its verdict. Strnad v. Mahr, 165 Neb. 628, 86 N. W. 2d 784; Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482; Cappel v. Riener, 167 Neb. 375, 93 N. W. 2d 36.

The judgment of the district court is reversed and the cause remanded for a new trial solely on the issues of the amount of damages and injuries, if any, and whether they were proximately caused by the accident. See Caster v. Moeller, 176 Neb. 446, 126 N. W. 2d 485.

REVERSED AND REMANDED WITH DIRECTIONS.