GAIL LEONHARDT, APPELLANT, v. ARNOLD D. HARIMON ET' AL., APPELLEES.

174 N. W. 2d 926

Filed February 20, 1970. No. 37466.

Van Steenberg, Winner & Wood, for appellant.

Holtorf, Hansen, Kortum & Kovarik and David C. Nuttleman, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This was an action for damages arising out of an automobile accident. The jury returned a verdict for the defendants. The plaintiff's motion for new trial was overruled and he has appealed.

There is no bill of exceptions. The plaintiff's sole assignment of error relates to instruction No. 3.

The trial court gave 28 numbered instructions to the jury. Instruction No. 1 was a general instruction relating to the duty of the jury. Instruction No. 2 related to the plaintiff's claims and was divided into three parts as follows: A. Issues; B. Burden of Proof; and C. Effect of Findings. Instruction No. 3 related to the defendants' defenses and was divided into four parts as follows, each part appearing on a separate page: A. Issues; B. Burden of Proof; C. Effect of Findings; and D. Comparative Negligence. The remaining instructions related to the rules of the road, the assessment of damages, and other applicable rules of law.

The plaintiff's complaint is directed to the first paragraph of Part C of instruction No. 3 in which the jury was advised as to what the verdict should be if the defendants had failed to prove their allegations of contributory negligence and proximate cause and the plaintiff had proved his allegations of negligence and proximate cause.

In that paragraph the jury was instructed in part as follows: "If the defendants have failed to establish either of these propositions No's. 1 or 2 in the *immediately preceding instruction* by a preponderance of the evidence, * * *." (Emphasis supplied.)

The plaintiff contends that by referring to "the immediately preceding instruction" the jury was referred to instruction No. 2 relating to the plaintiff's claims instead of Part B of instruction No. 3 relating to the defendants' burden of proof and the two propositions on which the defendants had the burden of proof. The plaintiff contends that the instructions were conflicting and misleading because of the internal reference.

In Part C of instruction No. 3 the trial court also referred to "Instruction No. 2, A," and "Instruction No. 3, A." This would indicate that the term "instruction" was used in Part C of instruction No. 3 to refer to the lettered parts of instructions Nos. 2 and 3.

An erroneous instruction is not necessarily prejudicial error. The meaning of an instruction and not its phraseology is the important consideration. Where the meaning of an instruction is reasonably clear, it is not prejudicially erroneous. Zager v. Johnson, 175 Neb. 866, 124 N. W. 2d 390. An inadvertent substitution of one word for another in an instruction is harmless error if it is clear from the instruction itself and the other instructions given that the jury was not confused or misled by the error. Pierson v. Jensen, 150 Neb. 86, 33 N. W. 2d 462.

In Zager v. Johnson, *supra*, an instruction referring to the "numbered parts" of another instruction was held to be not prejudicial where the second instruction contained no numbered parts but did contain subparagraphs identified by letters.

In this case the inadvertence was clearly apparent and the jury would have had to disregard the captions appearing on the instructions and their parts as well as the wording of the instructions themselves to be misled by the internal reference. We conclude that any error in instruction No. 3 was not prejudicial.

The judgment of the district court is affirmed.

AFFIRMED.