DONNA D. ANTHONY, APPELLANT, V. HOWARD H. POPPERT ET AL., APPELLEES.

184 N. W. 2d 648

Filed March 12, 1971. No. 37621.

Lovell & Raymond and Robert O. Hippe, for appellant.

Wright, Simmons & Hancock and Larry D. Hall, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action for personal injuries allegedly sustained by plaintiff as the result of a minor automobile accident. The jury returned a verdict for the defendants and the plaintiff has appealed.

The plaintiff, Donna Anthony, and the defendant, Howard Poppert, were both stopped near a stop sign at the intersection of Railroad Avenue and 20th Street in Scottsbluff, Nebraska, on a dry, clear summer afternoon in August 1967. Plaintiff's car was stopped at the stop sign and the defendant's vehicle was stopped immediately behind the plaintiff. They waited for traffic to clear. Plaintiff then started toward the intersection, proceeded for approximately half a car-length and stopped again for additional traffic. Poppert started forward when he saw the plaintiff proceed; looked to the left and right sides for approaching traffic; did not see the plaintiff stop again; and bumped the rear of plaintiff's car when plaintiff stopped. Plaintiff had a police officer called to the scene. The police officer did not find damage to the vehicles nor could he locate any debris or establish the point of impact. The police officer stated that he did not think there was damage enough to the vehicles to make out a report, but plaintiff asked that a report be made and stated that her neck hurt.

The petition did not allege, and the evidence failed to establish any property damage to either vehicle. There were two passengers in plaintiff's car and one in defendant Poppert's vehicle. Of the five persons in the two vehicles, only plaintiff claimed to have suffered personal injury of any kind. The claimed injury was a sprain or strain in the neck commonly called a whiplash.

injury. In any event, the evidence was such as to raise a definite jury question as to whether the plaintiff suffered any personal injury, and whether the claimed injuries, if any, were the direct and proximate result of this accident.

The defendants' answer to plaintiff's petition was a general denial. There was no allegation nor issue of contributory negligence on the part of the plaintiff. The district court overruled plaintiff's motion to direct a verdict in favor of the plaintiff on the issue of liability and submitted the issue of the negligence of defendant Poppert to the jury, as well as the issues on damages.

The motion for new trial and the assignments of error primarily rest on the contention that the defendant Poppert was negligent as a matter of law and that the issue of his negligence should not have been submitted to the jury.

The evidence as to how the accident occurred was substantially undisputed, although the evidence as to the force of the impact is sharply conflicting. Resolving all inferences in favor of the defendant Poppert, we hold that he was guilty of negligence as a matter of law under the circumstances of this case and that his negligence was the sole proximate cause of this accident. See, Ritchie v. Davidson, 183 Neb. 94, 158 N. W. 2d 275; Stewart v. Ritz Cab Co., 185 Neb. 692, 178 N. W. 2d 577.

The issue of Poppert's negligence and whether that negligence was the proximate cause of the accident should not have been submitted to the jury. As we said in the Ritchie case: "It is the duty of the district court, on its own motion, to submit to the jury only the issues upon which there are controverted questions of fact which must be determined by the jury in order to properly arrive at its verdict."

Instructions numbered 2, 3, and 4 submitted the issue of defendant Poppert's negligence to the jury, spelled out the burden of proof, and the effect of findings, all in the form set out in NJI No. 2.01, pp. 25, 26. The plaintiff

was not entitled to a directed verdict in her favor because there was a jury question as to whether the plaintiff had sustained any injuries as the direct and proximate result of Poppert's negligence and the resulting accident. She was, however, entitled to have the jury instructed that Poppert was negligent in the operation of his automobile; that such negligence was the proximate cause of the accident; and that the plaintiff was not guilty of any contributory negligence. The burden should remain on the plaintiff to prove that she sustained personal injuries; that the accident was a proximate cause of such injuries; and the nature, extent, and amount of the damages. See, NJI No. 2.06, p. 47; NJI No. 2.08, p. 49.

Where the facts adduced to sustain the issue of negligence are such that reasonable minds can draw but one conclusion therefrom, it is the court's duty to decide the question as a matter of law, rather than submit it to a jury for determination. See Stewart v. Ritz Cab Co., *supra*.

Other issues raised by the plaintiff have been considered and are without merit. The motion for new trial was proper and should have been sustained. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

SPENCER, J., dissenting.

I respectfully dissent from the opinion herein because I do not believe that defendant Poppert is guilty of negligence as a matter of law under the circumstances of this case.

At the time the plaintiff was stopped at the stop sign, defendant Poppert was stopped 3 feet behind her. Plaintiff proceeded to move forward and defendant Poppert then took his eyes from her vehicle to look to the left and to the right, or west. Leaving his left foot on the clutch and his right foot on the brake, he permitted his car to roll forward to the stop sign. With no warning and without a signal, and at a place where there is a

question as to whether plaintiff could be expected to stop in the absence of an emergency, the plaintiff came to a sudden stop. The testimony of defendant Poppert, which seems to be supported by the physical facts, is that his automobile lightly tapped the plaintiff's vehicle.

Plaintiff's testimony is that she stopped her vehicle, a 1957 Ford, 1 or 2 inches back from the stop sign, and then proceeded forward out into Twentieth Street; that when she had moved 6 feet she noticed a white vehicle come up over the railroad tracks; and she applied her brakes and stopped again. There is no testimony the plaintiff signaled her intention to stop, nor that it was necessary to stop where she did to avoid a collision with the white car coming over the tracks. Exhibits 5 and 6 indicate that there is no obstruction to vision for traffic coming from the west on Twentieth Street. Exhibit 6 shows that a car proceeding 6 feet from the stop sign would still not be in the right-of-way for the intersection of Railroad Avenue with Twentieth Street.

We have a jury question as to whether defendant Poppert had a reasonable opportunity under the facts of this case to avoid the slight collision with plaintiff's vehicle, and also a question as to whether plaintiff's predicament was not the result of her sudden, wholly unexpected stop. There is a question as to whether defendant Poppert had an opportunity to bring his vehicle to a complete halt before tapping the plaintiff's automobile when plaintiff stopped suddenly and without warning. At the very least, there is present a question as to whether reasonable minds might differ on the question as to whether defendant Poppert exercised due care and caution under the circumstances of the particular situation. To me, a jury question was clearly present. I would affirm the judgment herein.

BOSLAUGH, J., joins in this dissent.

NEWTON, J., dissenting.

I join in the dissent of Spencer, J.

Negligence is ordinarily defined as "doing something

which an ordinary, prudent person would not have done under similar circumstances, or failing to do something which an ordinary, prudent person would have done under similar circumstances."

In this instance, defendant Poppert saw plaintiff start to move out into the arterial highway. He started to follow but before entering the arterial highway, he glanced to the left and right to ascertain that it was clear of oncoming traffic. In the small fraction of time that it took him to do this, the plaintiff unexpectedly stopped a second time and before defendant Poppert could observe what she had done and stop his automobile, he had made slight contact with the rear of plaintiff's automobile. Had plaintiff moved on out into the arterial highway and defendant Poppert followed without looking for approaching traffic, in the event of an accident, he would have been held guilty of negligence as a matter of law. It appears to me that he did no more than what an ordinary, prudent person would have done under the same circumstances and the majority opinion completely overlooks the fact that occasionally accidents can and do happen without negligence on the part of either party. At the very least, these facts are sufficient to present a jury question and the judgment of the district court should be affirmed.