WILLIAM SWEARINGEN, APPELLEE, v. CECIL SLOGGETT, APPELLANT.

203 N. W. 2d 442

Filed January 12, 1973. No. 38528.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellant.

Bauer, Galter & Scott, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action for personal injuries sustained in an automobile accident. Plaintiff obtained a jury verdict for $10,000. Defendant has appealed from the order overruling his motion for a new trial. The only issues on this appeal involve the giving of allegedly erroneous instructions to the jury.

Defendant's arguments are directed at three specific instructions. Instructions numbered 4 and 5 involve respectively loss of profits and the consideration of certain municipal ordinances. Both of these instructions, together with others, were discussed by the court with counsel prior to submission. The defendant requested certain instructions and the substance of the requests were made a part of instructions Nos. 4 and 5 and given to the jury. No objections were made by the defendant to either instruction No. 4 or 5. It is quite clear that defendant's counsel not only failed to object to those instructions but actively participated in discussing them and presented requests which were incorporated into them. When a litigant has approved instructions in the trial court, either by word or act, he cannot thereafter effectively complain of instructions given, Martinez v. Hoveling, 184 Neb. 560, 169 N. W. 2d 428.

The defendant also assigns error in giving Instruction No. 4-A. This instruction was not submitted by the court to counsel nor discussed with them but was in-

cluded as a separate numbered instruction. Whether inadvertent or not, the instruction erroneously included loss of future earnings as an element of damage when that element was not pleaded or proved. We do not reach the issue of whether the instruction as given was misleading or prejudicial. The motion for new trial did not assign as error the giving of instruction No. 4-A, nor did it contain any claim of error as to the substance of the instruction. An assignment of error relating to an instruction to the jury will not be considered by this court unless it was included in the motion for new trial. Zager v. Johnson, 175 Neb. 866, 124 N. W. 2d 390; Jensen v. Priebe, 163 Neb. 481, 80 N. W. 2d 127.

Instructions objected to must be specifically designated by number in a motion for a new trial in order for such alleged error to be considered on appeal. Otherwise, such instructions will be taken as the law of the case. Duplex Mfg. Co. v. Atlas Leasing Corp., 184 Neb. 294, 166 N. W. 2d 732.

Under the circumstances here, the defendant is not in a position to challenge the giving of the instructions complained of. The judgment is affirmed.

AFFIRMED.