EXCHANGE BANK OF GIBBON, NEBRASKA, A NEBRASKA CORPORATION, APPELLEE, V. CHARLES ASHLEY ET AL., APPELLANTS.

214 N. W. 2d 632

Filed February 7, 1974. No. 39030.

Andrew J. McMullen, for appellants.

Tye, Worlock, Tye, Jacobsen & Orr and Kenneth C. Fritzler, for appellee.

Heard before WHITE, C. J., McCOWN, and NEWTON, JJ., and LYNCH and WARREN, District Judges.

LYNCH, District Judge.

The plaintiff, Exchange Bank of Gibbon, Nebraska, sued the defendant, Charles Ashley, for $21,058, plus interest, alleged to be due on three promissory notes executed by the defendant.

The defendant answered that the plaintiff had failed to give full credit for payments made and that plaintiff had repossessed certain property in satisfaction of the obligations. Defendant also cross-petitioned, alleging that he suffered a loss of $25,000 because the plaintiff had interfered with his business.

At the conclusion of the evidence, the plaintiff moved for a directed verdict in the sum of $23,066.01, the total amount alleged due plus interest, and for dismissal of the cross-petition. The trial judge sustained only the motion as to the cross-petition and instructed the jury that as a matter of law the plaintiff proved that proper credit had been given for the payments made by the defendant, that the amount due was $23,066.01, but that the plaintiff had the additional burden of establishing that the collateral had been disposed of in accordance with the law as set out in the instructions, submitting to the jury the sole question of the amount due. The jury returned a verdict for the plaintiff in the sum of $17,741.83.

The defendant appealed, assigning as error that: (1) The trial court decided facts and witness credibility in view of conflicting testimony; (2) the court refused to allow defense counsel to argue with respect to payments made by the defendant from exhibits introduced by the plaintiff; and (3) the court submitted one verdict form to the jury although there was testimony favorable to the defendant indicating payments and credits in excess of the amount alleged due the plaintiff. No mention was made of the defendant's cross-petition.

All the assignments of error hinge on the propriety of the trial court ruling as a matter of law that the

plaintiff had given credit for all payments made by the defendant.

During the trial the president of the plaintiff bank identified the notes and testified from records as to payments made by the defendant on each note, the proceeds from property that had been sold and credited to the defendant's account, and the balances due on the three notes. He calculated the total amount due to be $23,066.01. In rebuttal this witness accounted in detail for the collateral disposed of by the bank.

The defendant testified that relative to one note his record of payments coincided with plaintiff's except for defendant's last claimed payment of $11,122.80. The defendant offered no supporting evidence such as a canceled check or receipt, he had no specific recollection of having made the payment, and the figure was exactly the same as the amount due as reflected by the plaintiff's records.

On a second note the defendant claimed a payment of $4,200 not allowed by the bank. This amount also appeared as the balance due on the plaintiff's records as of the date of the alleged payment, which was actually the date of an extension of this note. If the payment had been made as asserted, the defendant would have overpaid on the note. He did not have the canceled instrument or other evidence of the payment although he orally made reference to his records.

On the third note the credits allowed by the plaintiff exceeded those claimed by the defendant.

The defendant also expressed his opinion as to the value of certain items of repossessed personal property.

Was it error for the trial judge to deny the jury the function of deciding whether or not the defendant made a payment of $11,122.80 on the one note and $4,200 on the second note?

This court held in Baxter & Sons v. Sofio, 182 Neb. 599, 156 N. W. 2d 141: "* * * a verdict should be directed

if the evidence is undisputed or if the evidence, although conflicting, is so conclusive that it is insufficient to justify a verdict or sustain the judgment." Also, there is considerable precedent for a trial judge to decide a particular issue as a matter of law, as was done in the case of Anthony v. Poppert, 186 Neb. 509, 184 N. W. 2d 648. The court therein declared in effect that where the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom, it is the court's duty to decide the question as a matter of law, rather than submit it to a jury for determination. It was also held in that case: "It is the duty of the district court, on its own motion, to submit to the jury only the issues upon which there are controverted questions of fact which must be determined by the jury in order to properly arrive at its verdict."

Concerning the two controversial payments, the defendant's testimony was unsupported. Opposed thereto the court was required to take into account that substantial amounts were involved, that the defendant was an experienced business man, that he exhibited no canceled checks or other convincing evidence to substantiate his testimony, that he had no independent recollection of the payments, and that the amounts stated as payments by the defendant were identical with the figures appearing as balances due in the documentary evidence presented by the bank.

From a review of the record, it is our opinion that the plaintiff established a firm case when weighed against the testimony of the defendant; that reasonable minds could not differ as to the conflicting evidence; and that a factual question was not presented on the issues of the two payments. Therefore the trial court acted without fault or error in not submitting the payment questions to the jury, in not allowing defense counsel to argue relative to those matters, and in giv-

ing to the jury only one verdict form.

Although not specifically assigned as error, the defendant argued that the trial court failed to properly instruct the jury on the issue of the value of the property repossessed and sold by the plaintiff. Counsel for both sides had ample opportunity to examine the court's proposed instructions, and apparently no objections were voiced nor were instructions requested. "When a litigant has approved instructions in the trial court, either by word or act, he cannot thereafter effectively complain of instructions given." Swearingen v. Sloggett, 189 Neb. 482, 203 N. W. 2d 442. In any event, a perusal of the instructions given and the fact that the jury reduced the amount sought by the plaintiff are convincing that the jury was properly and adequately informed of the applicable law.

AFFIRMED.